562 P.2d 1099

Mary Ann SPEAR, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Holiday Inn, Respondent Employer.

No. 1 CA–IC 1497.

Court of Appeals of Arizona,
Division 1,
Department C.

March 29, 1977.

Hocker & Gilcrease, Ltd. by R. Kelly Hocker, Tempe, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

OPINION

HAIRE, Judge.

The central issue in this review is whether the petitioning employee's prosecution of a civil action in superior court constituted a binding election which bars her from seeking compensation under the workmen's compensation laws.

On October 2, 1971, petitioner was injured on the premises while employed at the Holiday Inn in Yuma, Arizona. Having

been informed that her employer had no workmen's compensation insurance coverage in effect at the time of her injury, petitioner filed a civil complaint in the superior court against various parties. This complaint alleged that her injuries arose out of and in the scope of her employment; that the defendants, jointly or severally, employed more than three persons and were thereby subject to workmen's compensation laws of the state of Arizona; and that at the said time and place of the injury, the defendants did not carry workmen's compensation insurance. Based upon the foregoing, there was a conclusory allegation to the effect that the defendants were therefore subject to the provisions of A.R.S. § 23–907. Under the circumstances as alleged in the complaint, A.R.S. § 23–907 would deprive the defendants, as non-complying uninsured subject employers, of certain common law defenses in the civil action filed against them by the petitioner.

Petitioner's above-described complaint was filed in the superior court on September 27, 1972. Two days later, on September 29, 1972, she filed with the Industrial Commission a document entitled "Workmen's Report of Injury—Provisional Application for Benefits" which concluded with the following language:

"This Report of Injury and application for benefits is provisionally filed in accordance with the Arizona Superior [sic] Court cases of *Jeune vs. Del Webb,* 76 Ariz. 265 [418], 265 P.2d 1076; 77 Ariz. 226, 269 P.2d 723; 77 Ariz. 410, 274 P.2d 85. The claimant has been advised that the employer did not carry compensation insurance and accordingly has filed an action in the Superior Court, Yuma County, pursuant to the terms of ARS § 23–907, and this claim is therefore filed to preserve the claimant's rights *in the event it should be determined or should appear that the employer did, in fact, carry Workmen's Compensation.*" (Emphasis added).

No action was taken by the Industrial Commission on this provisional application.

Approximately twenty months later, on May 16, 1974, a notice of intent to impose liability on the Special Fund [1] and a workman's report of injury were filed with the Industrial Commission. The Commission thereafter entered an award finding the claim non-compensable. After some delay occasioned by the failure of the Commission to serve a copy of the award upon petitioner's counsel, a request for hearing was filed by petitioner. In response to this request for hearing, counsel for the Industrial Commission's Special Fund filed a motion to dismiss the request for hearing for lack of jurisdiction, on the ground that, by the filing of the superior court action, petitioner had made a binding election under A.R.S. § 23–1024B and had thereby waived her rights to compensation under the workmen's compensation laws. The hearing officer then held an informal hearing on the motion to dismiss, and memoranda on the jurisdictional question were submitted by both parties. The hearing officer subsequently issued his award granting the motion to dismiss on the ground urged.

On this review, petitioner raises several arguments in support of her contention that the dismissal should be set aside. One of these arguments goes to the jurisdiction of the hearing officer to decide the question of election, with a subsidiary issue relating to the standing of the Special Fund to raise the election question.

On the standing issue, petitioner argues that only an employer can raise the question of whether an election has been made. A consideration of the special circumstances here involved resulting from the application of the provisions of A.R.S. § 23–907, and in particular subsection C thereof, requires that we reject petitioner's argument.

A.R.S. § 23–907 sets forth certain remedies available to an injured employee when a subject employer has failed to obtain

---

1. A.R.S. § 23–1065 and A.R.S. § 23–907 provide for the establishment of a monetary fund available to injured employees in the event an award *is entered against an uninsured employer.*

workmen's compensation insurance coverage as required by A.R.S. § 23–961. One of these remedies is set forth in subsection A of § 23–907, and allows the employee to file a civil action ("under any other applicable law of the state") against the employer, with the employer being precluded from urging certain common law defenses which might otherwise be available to him.

Subsection B of § 23–907 sets forth a different remedy which may be pursued by the injured employee "in lieu of proceeding against the employer by civil action in court." Under this remedy, the employee may file a claim for compensation with the Commission, and the Commission will then hear and determine the matter, entering an award for compensation benefits against the employer as though the employer had actually obtained workmen's compensation coverage. In the event the compensation award is not paid by the employer, execution can be obtained and the award enforced as a judgment. However, if the employer does not pay the award within ten days, § 23–907C requires that the Commission order the award paid from the Special Fund created by A.R.S. § 23–1065.

It is this latter provision which in our opinion gives the Special Fund standing to raise the question of election in these proceedings. The pertinent part of that provision reads as follows:

"C. If the employer does not pay the compensation awarded pursuant to subsection B of this section within ten days, the commission shall order in a subsequent award that the applicant's award be paid out of the special fund created by § 23–1065."

■■■ As previously stated, petitioner had filed with the Commission a notice of her intention to impose liability on the Special Fund. A.R.S. § 23–1065D charges the respondent Commission with the duty to administer that fund. Under these circumstances, even though the liability of the Special Fund was contingent, we hold that it had sufficient interest in the result so as to entitle it to assert the defense that an election had been made. An alternative

holding would require the Special Fund to abstain from contesting the issue of liability under the workmen's compensation laws until after the entry of an award when its own liability became certain by reason of non-payment by the uninsured employer, at which time such possible defense would have been lost. The Fund's position was similar to that of a surety, and a surety may raise any defense which would be available to its principal. 74 Am.Jur.2d Suretyship, § 104.

Petitioner next argues, citing *State v. Pressley*, 74 Ariz. 412, at 415, 250 P.2d 992, at 994 (1952) (the third *Pressley* case) that:

"4. The commission has no power to decide whether an injured employee has made an election to take compensation but that it is a question to be litigated by the interested parties in the superior court."

Considered in context, this language does not stand for a proposition as broad as its immediate import might suggest. This *Pressley* case was the third in a series of cases which involved an injured workman's instigation of a suit in superior court against a third party tort-feasor after the workman had accepted certain benefits from the Commission. The Commission had entered an award denying the employee's right to sue the third party in superior court.

The language cited is a reiteration by the court in the third *Pressley* case of its holding in the second case, *Pressley v. Industrial Commission*, 73 Ariz. 22, 236 P.2d 1011 (1951), wherein it stated that the question was whether the Commission could determine issues of liability which would then be binding on the superior court in the action against the third party tort-feasor.

The court first explained:

"The commission has 'the right to determine questions of fact and to apply the existing law thereto in the cases in which it may make awards.' *Red Rover Copper Co. v. Industrial Commission*, 58 Ariz. 203, 118 P.2d 1102, 1106, 137 A.L.R. 740. By the same token *the commission*

*does not have the power to decide questions of law that are unnecessary to determine the matters before it,* or to be entering as here, what is in effect a declaratory judgment." (Emphasis added). *Pressley v. Industrial Commission, supra,* 73 Ariz. at 31, 236 P.2d at 1017.

The court then explained that the Commission could not determine what the liability of the parties would be in the superior court suit, but that such determinations must be adjudicated in the superior court itself.

It was in this context that the third *Pressley* case, *State v. Pressley, supra,* restated the holding of the second case in the language quoted above. In discussing whether the issue of whether an election had been made was a question for the jury or one of law for the judge, the court explained:

> "In *Taylor v. Hubbell,* supra [188 F.2d 106, at page 109], the court held that the question of election was one of law for the trial judge to decide, and said this:
>
> 'It is axiomatic that "Every court of general jurisdiction has power to determine whether the conditions essential to its exercise exist." 74 Ariz. 412 at 417, 250 P.2d 992 at 995.

■ In light of the admitted power of the Commission to determine questions of fact and law in the cases in which it may make awards, see the cited language in *Pressley v. Industrial Commission, supra,* it seems clear that the *Pressley* cases do *not* hold that the Commission has no power to decide the threshold question of whether the right to benefits has been waived. Rather, as does a court of general jurisdiction, the Commission must have the "power to determine whether the conditions essential to its exercise exist." If it did not have this power, it would be necessary that a separate declaratory judgment action be filed in superior court every time a question might arise as to the jurisdiction of the Commission. We hold, therefore, that the Commission has the power to make the initial decision, subject of course to proper review by this Court, as to whether the

election under A.R.S. § 23-1024B to forego workmen's compensation benefits has been made.

■ We next consider petitioner's major and central contention which involves the issue of waiver: whether, under the circumstances presented, petitioner's filing of the action in superior court was sufficient to constitute an election to forego workmen's compensation remedies.

In its terms, A.R.S. § 23–1024B would seem to unambiguously preclude the pursuit of any workmen's compensation remedy once proceedings in court have been instituted against the employer by the employee:

> "B. An employee, or his legal representative in event death results, who exercises any option to institute proceeding in court against his employer waives any right to compensation."

However, the Arizona Supreme Court, in *Jeune v. Industrial Commission,* 77 Ariz. 410, 274 P.2d 85 (1954) explained that if the superior court action against the employer is filed under circumstances where the employee was precluded by law from the exercise of superior court remedies and thus did not actually have any option other than the pursuit of his workmen's compensation claim, then the filing of a court action would be a nullity and would not operate to deprive the employee of the right to later pursue the compensation remedies granted to him by the workmen's compensation laws.

The hearing officer found, and we agree, that *Jeune* does not apply under the circumstances of this case. Here we do not have a situation as in *Jeune, supra,* where, by reason of provisions of the workmen's compensation laws, petitioner was precluded from pursuing a civil action remedy against the employer. Petitioner's election to sue in superior court, which she exercised, was a valid option available to her under § 23–907A, so long as her employer was uninsured. In their answer to the superior court complaints, defendant Rueschoff admitted that they were managing the inn

during the period in question, that they were attempting to negotiate an agreement to purchase the franchise, that there were more than three persons employed, but that no workmen's compensation coverage had been secured. The situation as alleged in the complaint and admitted in the answer was exactly that situation which gives rise to a right to file in superior court, as one option under A.R.S. § 23–907. Instead of being a nonexistent right, as in *Jeune*, the right to sue in superior court was a valid one which potentially provided substantial financial and tactical advantages. The superior court action was viable at its inception, and petitioner informed the hearing officer that it was still viable and pending at the time of the informal conference and submission of memoranda on the issue of whether an election had been made. There is not even a hint in the record that the situation as it developed after the filing of the superior court action was contrary in any way to petitioner's initial allegations establishing her right to sue in the superior court. Her employer was subject to workmen's compensation laws of Arizona but had not complied with them. From the record it appears indisputable that petitioner was aware of the provisions of A.R.S. § 23–907A and made an informed decision to take advantage of the benefits provided by that statute when a civil action is filed against a non-complying employer. This was not, as in the *Jeune* case, an abortive attempt to take advantage of a remedy that was in actuality precluded, but rather, was from its inception a valid option available to the petitioner. *See also* this Court's decision in *Walker v. Industrial Commission,* 22 Ariz.App. 442, 528 P.2d 634 (1974).

Petitioner next argues that in any event the election provisions of A.R.S. § 23–1024 are applicable only to the non-complying employer situations set forth in A.R.S.

§ 23–906,[2] and not to the uninsured employer circumstances as set forth in § 23–907. It was assumed in *Walker v. Industrial Commission, supra,* that § 23–1024B applied to the uninsured employer options set forth in § 23–907. A.R.S. § 23–1024 makes no such distinctions in its terms, nor do we think that such distinctions should be implied. As previously discussed, § 23–907 gives the injured employee of an uninsured subject employer substantial rights against such employer, including the abrogation of certain defenses in the event the employee decides to pursue his civil action remedy in superior court rather than pursuing his workmen's compensation remedies before the Commission. To read § 23–1024 as allowing the employee to pursue the superior court action and the workmen's compensation remedies concurrently would impose that double burden and expense on the employer which A.R.S. § 23–1024 is designed to prevent. In addition, § 23–907B itself describes the application for compensation with the Commission as being *in lieu of* proceeding against the employer by civil action in court, and thus by its own terms contemplates that the employee will pursue one remedy or the other, but not both.

We therefore affirm the hearing officer's finding that A.R.S. § 23–1024 applies under the circumstances here presented, and that the petitioner's filing of the action against her employer in superior court was an election under that statute by which she waived her rights to compensation under the workmen's compensation system.

■ Petitioner's final argument is that by reason of the Commission's long delay in taking action on petitioner's claim, the Commission and the Special Fund are "estopped to either raise the issue of election or to decide on the basis of an election." Petitioner's primary reliance in this regard is on the provisions of A.R.S. § 23–1061M[3]

2. A.R.S. § 23–906 applies to situations where the employer, although insured pursuant to the workmen's compensation requirements, has not complied with certain procedural provisions requiring the posting of notices and has failed to keep available rejection forms for use by an employee.

3. A.R.S. § 23–1061M reads as follows:
   "M. If the insurance carrier or self-insurer does not issue a notice of claim status denying the claim within twenty-one days from the date the carrier is notified by the commission of a claim or of a petition to reopen, the carrier shall pay immediately, compensation as if the

and the "Kasprowiz" doctrine interpreting the predecessor to that statutory provision. *See Kasprowiz v. Industrial Commission,* 14 Ariz.App. 75, 480 P.2d 992 (1971). The short answer to this contention is that here we do not have a *carrier* against whom to assess the statutory penalty for delay, nor do we find any undue delay on the Commission's part under the total circumstances of this case.

The award is affirmed.

FROEB, C. J., and JACOBSON, P. J., concur.

claim were accepted, from the date the carrier is notified by the commission of a claim or petition to reopen until the date upon which the carrier issues a notice of claim status denying such claim. As used in this subsection, 'compensation payable' includes medical, surgical and hospital benefits. This section shall not apply to cases involving seven days or less of time lost from work."