586 P.2d 219

**Domingo RIOS, Deceased, Herlinda Suniga (Rios), alleged widow, Domingo Suniga (Rios) and Diane Suniga (Rios), minors, Individually and by their guardian ad litem, Herlinda Suniga (Rios), Petitioners,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Strip–O–Matic, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 1853.**

Court of Appeals of Arizona, Division 1, Department C.

Oct. 26, 1978.

Friedman & Foster, P. C. by Stephen C. Newmark, Steven M. Friedman, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Courtney L. Varner, Phoenix, for respondents employer and carrier.

## OPINION

EUBANK, Judge.

The main issue raised by this special action is whether the Industrial Commission has jurisdiction to determine the dependency of a minor applicant claiming death benefits under the Workmen's Compensation Act when that determination would necessarily require resolution of a paternity question. We hold that the Commission does have such jurisdiction and set aside the award.

The essential facts are that Domingo Rios died on July 9, 1975, as the result of injuries received in an industrial accident which occurred on July 2, 1975. At the time of his death, the deceased was living with and supporting the petitioners, who were totally dependent on him. The petitioners filed a widow and dependents' claim for death benefits, pursuant to A.R.S. § 23–1046 although the alleged widow admitted on the form that she was never "formally married" to decedent. On September 9, 1976, the claim was denied by the respondent carrier's Notice of Claim Status. A timely request for hearing was filed by the petitioners. A pretrial conference was held on January 31, 1977. The results of this conference are set forth in the hearing officer's letter to counsel dated February 3, 1977, stating, in part, that the claims were timely filed and "no jurisdictional issue will be involved," that no evidence of either a ceremonial or common law type marriage on behalf of peti-

tioner Herlinda Suniga (Rios) would be presented, and that "[t]he only actual evidence which will be submitted at time of formal hearing will concern the dependency status, parentage, etc., of the two minor children applicants herein." The April 21st formal hearing was held on the basis of these agreements.

The hearing officer's award of June 16, 1977, found that Herlinda Suniga (Rios) was not a widow or surviving spouse of the deceased within the meaning of A.R.S. § 23–1064(A) of the Workmen's Compensation Act, and therefore not entitled to benefits. He further found that the minor Domingo Suniga (Rios) "was not fathered by the deceased, but by another man in the State of Texas" and, hence, not the "child" or stepchild of the deceased. The hearing officer refused to make a finding concerning the paternity of Diane Suniga (Rios), and concluded that "the Industrial Commission does not have jurisdiction to determine the paternity of the applicant herein, Diane Suniga (Rios)." The award as to Diane was left open pending the filing of an independent action in the superior court to establish her paternity under A.R.S. § 12–841, et seq. The hearing officer relied on the express language of A.R.S. § 12–841 to find exclusive jurisdiction to determine paternity in the superior court. This section reads:

> The superior court shall have exclusive original jurisdiction in proceedings to establish maternity or paternity. All such proceedings shall be civil actions.

In this special action, petitioners question the hearing officer's refusal to determine Diane Suniga's (Rios) entitlement. They point out that if the hearing officer is correct and exclusive original jurisdiction to determine maternity and paternity is in the superior court, then the hearing officer acted without jurisdiction when he determined the "maternity" of Herlinda Suniga (Rios) and the "paternity" of minor Domingo Suniga (Rios). This argument points out the dilemma that the hearing officer found himself in.

Turning to the law, it is well settled that the exclusive jurisdiction to determine all issues of law and fact relating to a claimant's entitlement to compensation benefits under the Workmen's Compensation Act is vested in the Industrial Commission. *S. H. Kress & Co. v. Superior Court of Maricopa County,* 66 Ariz. 67, 69, 182 P.2d 931, 933 (1947); *Industrial Commission v. Superior Court,* 5 Ariz.App. 100, 104, 423 P.2d 375, 379 (1967); *Sandoval v. Salt River Project Agricultural Improvement & Power District,* 117 Ariz. 209, 213, 571 P.2d 706, 710 (App.1977). *See Liberty Mutual Insurance Co. v. Western Casualty & Surety Co.,* 111 Ariz. 259, 262–3, 527 P.2d 1091, 1094–5 (1974). *See also* 2 A Larson's Workmen's Compensation Law § 65.10 (1976). This exclusive jurisdiction is based on Article 18, Section 8 of the Arizona Constitution, 1 A.R.S., while pursuant to statute, the Commission is charged with the "adjudication of claims for compensation arising out of the provisions of this chapter [Chapter 6 of Title 23, 8 A.R.S.]." A.R.S. § 23–921.

The burden of establishing the jurisdictional facts giving the Commission exclusive jurisdiction is on the employee or his dependents. *McCormick v. Industrial Commission,* 96 Ariz. 88, 392 P.2d 299 (1964); *Swatzell v. Industrial Commission,* 78 Ariz. 149, 277 P.2d 244 (1954). These jurisdictional facts are primarily set out in A.R.S. § 23–1021 and § 23–1061(A). A.R.S. § 23–1021 reads:

> A. Every employee coming within the provisions of this chapter who is injured, and the dependents of every such employee who is killed by accident arising out of and in the course of his employment, wherever the injury occurred, unless the injury was purposely self-inflicted, shall be entitled to receive and shall be paid such compensation for loss sustained on account of the injury or death, such medical, nurse and hospital services and medicines, and such amount of funeral expenses in event of death, as are provided by this chapter.
>
> B. Every employee covered by insurance in the state compensation fund who is injured by accident arising out of and in the course of employment, and the

dependents of every such employee who is killed, provided the injury was not purposely self-inflicted, shall be paid such compensation from the state compensation fund for loss sustained on account of the injury, shall receive such medical, nurse and hospital services and medicines, and such amount of funeral expenses in event of death, as provided in this chapter.

A.R.S. § 23–1061(A) reads:

A. Notwithstanding the provisions of § 23–908, no application for compensation shall be valid or claim thereunder enforceable unless notice of an accident resulting in an injury shall be given by the employee, or if resulting in death by the parties entitled to compensation, or someone on their behalf, to the commission in writing within one year after the injury occurred or the right thereto accrued. The commission upon receiving the notice shall give notice to the employer of the injury.

When these jurisdictional facts are established, the Commission, through its hearing officer, is charged with the adjudication of claims for compensation. A.R.S. § 23–921, *supra*. In the instant case, where the carrier has denied the claims and a hearing is requested this process requires a formal hearing and an adjudication by the hearing officer of the deceased workman's "dependents," as defined by A.R.S. § 23–1046 (death benefits) and A.R.S. § 23–1064 (presumption of dependency). *See El Dorado Insurance Co. v. Industrial Commission*, 25 Ariz. App. 617, 620, 545 P.2d 465, 468 (1976).

■ The issue, then, is simply stated: Does A.R.S. § 12–841, *supra*, as the carrier claims, preclude the Commission from determining the dependency status of Diane Suniga (Rios) where that would necessarily require a determination of paternity? We think not.

A.R.S. § 12–841, et seq., was enacted by the legislature pursuant to the authority granted it by Article 6, Section 14, of the Arizona Constitution, 1 A.R.S. This section permits the legislature to vest "other jurisdiction," of matters not listed in the section, in the superior court. In the comprehensive paternity and maternity act, they vested "exclusive original jurisdiction" in the superior court over actions to establish the maternity and/or paternity of a child and to compel support of the child by its father and/or mother. A.R.S. §§ 12–841, 843.

■ It is obvious that an original action brought under A.R.S. § 12–841, et seq., resulting in a paternity and/or maternity judgment, would have a *res judicata* effect on other courts and administrative agencies, including the Commission. *But see Hughes v. Industrial Commission*, 69 Ariz. 193, 211 P.2d 463 (1949). However, nothing in A.R.S. § 12–841, et seq., demonstrates any intention on the part of the legislature to limit or restrict the Commission in its determination of the fact issue of dependency where death benefits are claimed by a "child" under the Workmen's Compensation Act, even though that determination requires a resolution of a paternity question. In our opinion, an express statutory restriction of the power to determine dependency issues involving paternity questions would be necessary in order to limit the broad power of the Commission in the manner described.

■ In *Spear v. Industrial Commission*, 114 Ariz. 601, 562 P.2d 1099 (App.1977), we held, in part, that the Commission had power to determine questions of law and fact, including the threshold question of whether the right to compensation benefits had been waived by election of non-statutory remedies. We said:

Rather, as does a court of general jurisdiction, the Commission must have the "power to determine whether the conditions essential to its exercise exist." If it did not have this power, it would be necessary that a separate declaratory judgment action be filed in superior court every time a question might arise as to the jurisdiction of the Commission.

*Id.* at 604, 562 P.2d at 1102. The same reasoning is applicable here. Once the jurisdictional facts are found to exist, the act affords the exclusive remedy for the de-

pendents against the decedent's employer and the carrier. *S. H. Kress & Co. v. Superior Court of Maricopa Co., supra*; 2 A Larson's Workmen's Compensation Law § 65.10 (1976). Thus, until the Workmen's Compensation Act specifically says otherwise, the Commission, in light of its broad exclusive jurisdiction, must have the power to resolve questions concerning the jurisdictional fact of dependency, even when that requires a determination of paternity or maternity. *Id.*

Both sides cite *Gamez v. Industrial Commission*, 114 Ariz. 179, 559 P.2d 1094 (App. 1976), where we upheld the hearing officer's determination that the Mexican marriage of the claimant was invalid. Jurisdiction to make such a finding was not raised as an issue. However, *Gamez* does illustrate the broad power of the Commission to determine who is and who is not entitled to compensation benefits. *See also Hughes v. Industrial Commission, supra; Ranger Insurance Co. v. Industrial Commission*, 15 Ariz.App. 45, 485 P.2d 869 (1971); *Bonnin v. Industrial Commission*, 6 Ariz.App. 317, 432 P.2d 283 (1967); *Wilson v. Wilson*, 1 Ariz. App. 77, 399 P.2d 698 (1965).

█ We hold that the Commission has jurisdiction to determine whether Diane Su-

niga (Rios) is the child of the deceased employee for the purpose of determining her "dependency" and her entitlement to death benefits under the Workmen's Compensation Act, and that A.R.S. § 12–841 does not require a different conclusion. We do not reach the question of whether the hearing officer may, in his discretion, require that the determination of paternity or maternity be made in the superior court or whether the Commission could require it by rule. These issues are not before us.

Petitioners further argue that the award should be set aside because the evidence is sufficient for the hearing officer to find that Diane Suniga (Rios) was a dependent child under the Act. Because this is a fact question and we are setting the award aside, it is not necessary for us to address this question.

The award is set aside.

WREN, P. J., and NELSON, J., concur.