653 P.2d 371

ARROWHEAD PRESS, INC., Petitioner Employer,

Argonaut Insurance Company, Petitioner Carrier,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Gloria Autrey, Respondent Employee.

No. 1 CA–IC 2627.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 24, 1982.

Rehearing Denied Oct. 6, 1982.

Review Denied Nov. 2, 1982.

---

## OPINION

HAIRE, Judge.

In this review of an award entered by the respondent Commission, we hold that the Industrial Commission has jurisdiction to determine the reasonableness of charges for prescription drugs as between the carrier and the claimant. Because the administrative law judge erred in deciding this issue, the award must be set aside. *See* A.R.S. § 23–951(D).

In July 1975, claimant was injured in an industrially related automobile accident in which she suffered an injury to her right leg as well as other injuries. Claimant was hospitalized at the time of the accident and again in October 1975 and the claim was initially accepted for benefits by the respondent carrier. Claimant was hospitalized again in September 1980 and surgery was performed on her right knee. When the carrier paid only that portion of the 1980 hospital bill relating to the knee surgery and not a portion covering treatment of a bronchitis condition which the claimant was also suffering, claimant requested a hearing

pursuant to A.R.S. § 23–1061(J). A formal hearing was held at which the carrier's refusal to pay the entire amount of the hospital bill as well as the full amount charged claimant for certain prescription drugs was considered. The administrative law judge issued his Decision Upon Hearing and Findings and Award for Additional Benefits on April 27, 1981, in which he found that the carrier was responsible for the entire hospital bill. In addition, he ordered that the carrier was responsible for the full charge of prescription drugs since he determined that the Industrial Commission was without jurisdiction to determine the reasonableness of the charge by a pharmacy for a prescription reasonably required for treatment of an industrial injury. After the award was affirmed on administrative review, the carrier and employer sought review in this court.

Petitioners raise two basic issues: (1) whether they are responsible for payment of that portion of claimant's hospital expenses relating to the treatment of her non-industrially caused bronchitis, and (2) whether the Industrial Commission has jurisdiction to resolve disputes concerning the reasonableness of the charges for such drugs.

## RESPONSIBILITY FOR NON–INDUSTRIAL BRONCHITIS

■ We have held that a carrier may be responsible for preoperative treatment necessary to place the claimant in a condition to undergo surgery related to an industrial condition. *Allstate Insurance Company v. Industrial Commission,* 126 Ariz. 425, 616 P.2d 100 (App.1980). We note that the limits of this principle have not been defined, but petitioners do not here contend that the treatment for claimant's bronchitis during the hospital stay was in any way unreasonable or that it was disproportionate to the magnitude of claimant's industrial condition. In reviewing this question, we must view the evidence in a light most favorable to sustaining the award, and the findings will be upheld if reasonably sup-

ported by the evidence. *In re Estate of Bedwell,* 104 Ariz. 443, 454 P.2d 985 (1969); *Micucci v. Industrial Commission,* 108 Ariz. 194, 494 P.2d 1324 (1972).

The evidence presented at the hearing revealed that one of claimant's physicians, Robert Briggs, M.D., was of the opinion that it was necessary for claimant to be treated for the bronchitis so that she could undergo the anesthesia required for the knee procedures. David Uthus, M.D., claimant's orthopedist, also testified on the subject, but he could not recall the exact events surrounding the scheduling for claimant's hospitalization and gave conflicting testimony as to whether claimant was hospitalized for the bronchitis or for the knee procedures. There was also evidence that claimant would not have been hospitalized if she had suffered only from the bronchitis. Thus, we hold that there was sufficient evidence to support the administrative law judge's finding that the hospital treatment of the bronchitis was reasonably necessary and was incurred to place claimant in a condition to undergo surgery for her industrial injury.

Petitioners rely on *Ross v. Industrial Commission,* 112 Ariz. 253, 540 P.2d 1234 (1975), *overruled on other grounds, Alsbrooks v. Industrial Commission,* 118 Ariz. 480, 578 P.2d 159 (1978), which held that the carrier was not responsible for treatment for claimant's non-industrially injured eye. We find those facts substantially different from those of the case *sub judice.* Here, unlike in *Ross,* the bronchitis treatment was necessary so that the *industrial* condition could be treated. In *Ross,* the treatment to the non-industrially injured eye was not undertaken as a precondition to the treatment of the industrially injured eye and thus was not the responsibility of the carrier.

Petitioners further contend that they are not responsible for the treatment for claimant's bronchitis because the condition was aggravated by claimant's continued smoking. Petitioners rely on *O'Donnell v. Industrial Commission,* 125 Ariz. 358, 609 P.2d 1058 (App.1979), in which we said:

"We therefore hold, in determining the causal relationship of a subsequent injury or aggravation to a primary injury where the claimant's activity is a factor in bringing about the subsequent injury or aggravation, such activity shall not be considered to break the chain of causation, unless the activity under all of the circumstances is unreasonable in light of the claimant's knowledge of his previous condition." 125 Ariz. at 361, 609 P.2d at 1061.

Dr. Briggs testified that only 50% of those who try to stop smoking are successful. In addition, claimant testified that because of her lung condition, she had "cut down" on her smoking during the several months before her hospitalization. Under these circumstances, we cannot say that the administrative law judge erred in finding that claimant's continued smoking was not so unreasonable so as to preclude compensability.

### JURISDICTION TO DETERMINE REASONABLENESS OF PHARMACY CHARGES

Petitioners contend that the administrative law judge erred when he found that "there is no statutory authority for the Industrial Commission to regulate the prices charged for prescriptions. Thus, the Industrial Commission has no jurisdiction to regulate the prices of prescriptions." As a result of this conclusion, the administrative law judge found the carrier liable for the full charge for claimant's prescriptions.

■ The Industrial Commission is charged with "the adjudication of claims for compensation", A.R.S. § 23–921(A), and has exclusive jurisdiction to determine all issues of law and fact relating to a claimant's entitlement to compensation benefits, *Rios v. Industrial Commission,* 120 Ariz. 374, 586 P.2d 219 (App.1978). One method it uses to adjudicate claims is specified by A.R.S. § 23–1061(J). That statute provides that if the Commission determines that payment or denial of compensation is improper in any way, it shall hold a hearing. Thus, the Industrial Commission has jurisdiction to hold hearings and adjudicate any claims for compensation, which includes claims concerning medicines, *see* A.R.S. §§ 23–901(3) and 23–1062(A).

■ Unlike physicians, there is no statutory authorization for the establishment of a fee schedule limiting the amount of pharmacy may charge for medications furnished to an injured workmen's compensation claimant. *See* A.R.S. § 23–908(B). In addition, since the Industrial Commission is not a court of general jurisdiction and there are no provisions in our statutes giving it jurisdiction over parties other than the employer, carrier and injured workman, a pharmacy cannot be made a party before the Industrial Commission. Therefore, any agreement, either express or implied, or dispute between the claimant or the carrier and a *pharmacy* does not fall within the jurisdiction of the Industrial Commission. Nevertheless, for the reasons set forth above, the Industrial Commission has jurisdiction to settle disputes concerning the reasonableness of charges for medicines as between the *carrier and claimant.*

In this regard, the first issue before the administrative law judge was whether he had jurisdiction to adjudicate the conflict between the claimant and the carrier as to the reasonableness of the charges. If he determined that he did, the record is clear that the parties contemplated presenting further evidence so that the administrative law judge could make the required factual determinations. Since the administrative law judge determined that he was without such jurisdiction, further evidence was not sought or considered. Therefore we must set aside the award so that the administrative law judge can make this determination.

At this point we must again point out the injustice and waste inherent in the provisions of A.R.S. § 23–951(D) which limit this court's power to modify, affirm in part, or remand with directions after the completion of our review of awards entered in workmen's compensation proceedings. Such limitations are not imposed in any other area of our appellate review, whether civil, criminal, or juvenile. *See* A.R.S. §§ 12–2103,

13–4036, and Rule 27, Rules of Procedure for the Juvenile Court, 17A A.R.S. Because of § 23–951(D) we must set aside an entire award because of an error which has relatively minor significance insofar as concerns the major questions considered by the administrative law judge concerning the claimant's entitlement to benefits. Because we must set aside the entire award, the carrier and employer (and the claimant) are entitled to re-litigate *all* questions previously at issue in the hearing. *See Glover v. Industrial Commission,* 23 Ariz.App. 187, 531 P.2d 563 (1975). This not only contributes to delay, but also constitutes a gross waste of judicial manpower on both the administrative and appellate levels.

The award is set aside.

EUBANK, J., concurs.

CONTRERAS, Chief Judge, specially concurring:

I totally concur with this decision. I support and reinforce Judge Haire's observations with respect to "the injustice and waste inherent in the provisions of A.R.S. § 23–951(D)." This provision severely, and, in my opinion, unjustifiably, limits this court's jurisdiction by providing:

D. The court of appeals shall enter judgment either affirming or setting aside the award, order or decision.

As a participating and authoring judge, I have been witness to a number of cases where, because of this legislatively imposed restriction, we have been required to set aside an entire award, although the error closely approximates a classification of *de minimis.* The resultant effect is that the entire litigation process commences anew at the administrative level with a likely prospect that it will again be before this court. The net result is waste, delay, and unfairness to the parties, counsel, and the judicial process. I might also add that these inequities adversely impact not only upon claimants but equally upon employers and carriers. Accordingly, it is my sincere belief that this problem area is well deserving of legislative study and consideration.

