858 P.2d 666

**Larry BEASLEY, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Phoenix Newspapers, Respondent Employer,**

**Mission Insurance, Respondent Carrier.**

No. 1 CA–IC 92–0033.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 9, 1993.

Reconsideration Denied March 19, 1993.

Review Denied Sept. 30, 1993.

Spencer K. Johnston, Phoenix, for petitioner.

Anita R. Valainis, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Jones, Skelton & Hochuli by Charles G. Rehling, II, Calvin Harris, Phoenix, for respondents.

OPINION

WEISBERG, Judge.

■ This is a review of an award denying medical benefits for surgery to treat hyperparathyroidism ("PTH") and related kidney stones. The Administrative Law Judge ("A.L.J.") found that these conditions are unrelated to the industrial back injury and surgeries. The issue on appeal is whether the treatment of the unrelated condition is compensable when the unrelated condition would independently require treatment notwithstanding the industrial injury. In this case, the unrelated condition will worsen the industrial injury and its treatment is a prerequisite to the treatment of the industrial injury. Because there is no causal connection flowing from industrial injury to the unrelated conditions or their treatment, we conclude that such an unrelated condition is not compensable.

FACTS AND PROCEDURAL BACKGROUND

Petitioner employee ("claimant") has had multiple lower back injuries and surgeries. These included a compensable industrial injury in 1974, for which claimant initially had three surgeries. This 1974 injury claim was reopened in 1987, and claimant

underwent two more surgeries, his seventh and eighth in total.

Claimant began having problems with kidney stones sometime between his seventh and eighth surgeries. His condition was ultimately diagnosed by Dr. Marc Lee as PTH and kidney stones. The State Compensation Fund ("Fund") then issued a notice of claim status denying further liability for the PTH and kidney stones. Claimant protested this denial.

At the ensuing hearing, Dr. Lee testified that the PTH is unrelated to the industrial injury and its treatment. He explained that an enlarged gland secretes abnormally high levels of the parathyroid hormone and that this hormone leaches calcium from all sources in the body. One consequence of this leaching is kidney stones; another is demineralization and weakening of bones, including the industrially injured spine. As a consequence, untreated PTH will worsen the injured spine and prevent further back surgery. Dr. Lee also explained that the preferred treatment for PTH is surgery to remove the enlarged gland. He would recommend prompt treatment to anyone with PTH, but claimant's need for surgery is "more time direct" because of the risk of decalcification of his injured spine. Claimant's treating physician deferred to Dr. Lee's assessment of the condition: that it is unrelated to the industrial injury, but that it prevents further back surgery, and that it will worsen the industrial injury.

When the A.L.J. issued the award, he concluded that respondents are not liable for treating the PTH or kidney stones because these conditions are unrelated to the industrial injury and its treatment. Claimant requested review, arguing that treatment of the PTH is reasonably required for the industrial injury because the back injury cannot be treated without first treating the PTH and that it will worsen if the PTH is untreated. The A.L.J. affirmed the award without modification. Claimant then brought this special action.

## DISCUSSION

### A. *Basic Rule Requires Causation for Subsequent Conditions*

■ Workers' compensation benefits protect persons who are "injured ... by accident arising out of and in the course of [their] employment." Ariz.Rev.Stat.Ann. ("A.R.S.") § 23–1021(A)(1983). This protection applies not only to the actual industrial injury, but also to expenses and conditions that are the consequence of that industrial injury. *See* 1 Arthur Larson, *The Law of Workmen's Compensation* § 13.-00, at 3–502 (1992). Before a subsequent condition becomes compensable, however, the claimant must establish a causal connection from the industrial injury to the subsequent condition. "[W]hen compensability is to be extended to subsequent injuries or aggravations related in some manner to the primary injury, then case law requires that such subsequent injuries or aggravations be the 'direct and natural result' of the primary injury...." *O'Donnell v. Industrial Comm'n*, 125 Ariz. 358, 360, 609 P.2d 1058, 1060 (App.1979) (citing *American Smelting & Refining Co. v. Industrial Comm'n*, 25 Ariz.App. 532, 544 P.2d 1133 (1976)).[1] Thus, as a general rule, the employer is not liable for conditions that do not result from the industrial injury. *See* 2 Larson, *supra*, § 61.13(e), at 10–971. Unless it fits in an exception to this rule, the unrelated condition is not compensable. Two Arizona cases describe such exceptions.

### B. *Exceptions*

In *Allstate Insurance Co. v. Industrial Commission*, 126 Ariz. 425, 616 P.2d 100 (App.1980), the claimant developed complications arising from medical procedures used before treatment of an industrial inju-

---

1. Although this causal requirement ("direct and natural result") is different than the causal requirement to establish liability for the primary injury found in A.R.S. section 23–1021(A) ("arising out of and in the course"), it stems from the same policy, that the employer is only liable for injuries connected with employment. *See* 1 Larson, *supra*, § 13.11, at 3–502; *see also Dunlap v. Industrial Comm'n*, 90 Ariz. 3, 6, 363 P.2d 600, 602 (1961) ("[T]he Act does not contemplate a general health and accident fund....").

ry. *Id.* at 426, 616 P.2d at 101. The preparatory procedures aggravated claimant's unrelated preexisting conditions. *Id.* This court held that those complications were compensable because they "were related to the procedures undertaken in preparation for the industrially related [treatment] and these preexisting conditions would not have required treatment 'but for' the impending surgery." *Id.* at 427, 616 P.2d at 102.

In *Arrowhead Press Inc. v. Industrial Commission,* 134 Ariz. 21, 653 P.2d 371 (App.1982), the claimant required treatment for unrelated bronchitis before treatment of the industrial injury. *Id.* at 23, 653 P.2d at 373. The court held the unrelated condition to be compensable because "the bronchitis treatment was necessary so that the *industrial* condition could be treated." *Id.* Significantly, this court noted that the claimant would not have been hospitalized for bronchitis alone. *Id.*

### C. *Exceptions Meet Causation Test*

*Arrowhead* and *Allstate* are distinguishable from the current case because in both cases a causal connection flows from the industrial injury to the unrelated condition or its treatment. In *Allstate,* the preparations for treatment of the industrial injury aggravated the unrelated conditions. In *Arrowhead,* anticipated treatment for the industrial injury created the need to treat the unrelated condition. In neither case would the unrelated condition have required treatment "but for" the existence of the industrial injury. By contrast, in the current case, the unrelated condition is totally independent of the industrial injury and must be treated notwithstanding the industrial injury. Claimant encourages us to extend the *Arrowhead* exception to include treatment for *all* conditions that may impede treatment for, or worsen, the industrial injury. We decline to do so.

There must be a causal connection that flows from the industrial injury to the unrelated condition or its treatment before the condition is compensable. Any generalized condition might complicate treatment of an industrial injury. The dispositive issue is whether the treatment of that generalized condition is necessary notwithstanding the industrial injury. If treatment of the generalized condition is independently necessary, then the industrial injury does not create the need to treat the unrelated condition. In such a case, there is no causal connection flowing from the industrial injury and, thus, the unrelated condition is not compensable.

### D. *Prior Case Law*

This decision is consistent with prior case law. In *Ross v. Industrial Commission,* 112 Ariz. 253, 540 P.2d 1234 (1975), *vacated on other grounds, Alsbrooks v. Industrial Commission,* 118 Ariz. 480, 483, 578 P.2d 159, 162 (1978), the claimant had a preexisting nonindustrial condition, a cataract, in one eye. *Id.* 112 Ariz. at 254, 540 P.2d at 1235. After the other eye was blinded in an industrial injury, the claimant had the cataract corrected. *Id.* The court found insufficient evidence to conclude that the cataract surgery was causally related to the industrial injury. *Id.* at 257, 540 P.2d at 1238. Because the claimant had not shown that the cataract surgery would not have occurred "but for" the industrial injury, the court held that the cataract surgery was noncompensable. *Id.*

This decision is also consistent with decisions from other states. In *Rank v. Lindblom,* 459 N.W.2d 247 (S.D.1990), the claimant had pulmonary problems that prevented surgery on an industrial knee injury. *Id.* at 248. The South Dakota Supreme Court held that "[h]is knee injury and the pulmonary problems were separate and distinct physical conditions, neither of which was of an emergent nature requiring immediate medical attention." *Id.* at 251. The court ruled that treatment for the pulmonary condition was not compensable because the claimant "had significant disease that should have been treated regardless of the impending surgery." *Id.* at 250–51. *See also Insurance Management Corp. of Tidewater/Baldwin Bros. & Taylor v. Daniels,* 222 Va. 434, 281 S.E.2d 847, 850 (1981) (woman could not recover for weight reduction treatment because obesity re-

**524**

quired treatment independently of the industrial injury).

### E. *PTH Is Not Causally Related to the Industrial Injury*

Claimant argues that the fact the PTH will cause the back injuries to worsen distinguishes PTH from other general conditions that may prevent back injury treatment. Although the back injury will worsen because of the PTH, it is only a coincidental effect. The PTH affects all calcium concentrations in the claimant's body. The PTH is not related to the industrial injury except in this coincidental manner. Claimant's PTH requires treatment regardless of the industrial injury. The industrial injury does not necessitate the treatment for PTH. The PTH did not occur, nor was it aggravated, by either the industrial accident or its treatment. Thus, there is not the necessary causal connection flowing from the back injury to the PTH.

### CONCLUSION

To summarize, we hold that even when an unrelated condition will worsen an industrial injury, and even when the industrial injury cannot be treated without first treating the unrelated condition, the unrelated condition is not compensable without a causal connection flowing from the industrial injury to the unrelated condition or its treatment. Because the PTH requires prompt treatment regardless of the back treatment, and because it did not arise out of the industrial injury or its treatment, we find that the treatment for the PTH and the subsequent kidney stones is not compensable. The award is affirmed.

JACOBSON, P.J., and GRANT, J., concur.