**PUBLIC SERVICE COMPANY OF COLORADO, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE of the STATE of COLORADO and Edwin Rodriguez, Respondents.**

No. 98CA1851.

Colorado Court of Appeals,
Div. III.

April 29, 1999.

Ritsema & Lyon, P.C., Michael A. Perales, Denver, Colorado, for Petitioner

The Lampton Law Firm, P.C., Kenneth R. Lampton, Jr., Lakewood, Colorado, for Respondent Edwin Rodriguez

No Appearance for Respondent Industrial Claim Appeals Office

Opinion by Judge JONES.

The sole issue in this workers' compensation case is whether an employer can be held liable for treatment of a nonindustrial condition necessary to prepare a claimant for surgery to treat a compensable industrial injury. We conclude that the employer can, in certain circumstances, be held liable for such treatment. Therefore, we affirm the decision of the Industrial Claim Appeals Office (Panel) requiring Public Service Company of Colorado (employer) to pay medical benefits to Edwin Rodriguez (claimant) for treatment of his nonindustrial bipolar disorder.

Claimant suffered a compensable neck injury which required surgery. He was referred to a psychologist who also diagnosed claimant with depression caused by the industrial injury and a nonindustrial bipolar disorder, both of which, if not treated preoperatively, would compromise claimant's chance for recovery from the neck surgery. Therefore, the psychologist referred claimant to a psychiatrist for stabilization of his depression and bipolar disorder.

Since the bipolar disorder was not work-related, employer disputed payment for its treatment. Concluding that this psychiatric treatment was incidental to the neck surgery and reasonably and necessarily incurred in order for claimant to undergo the surgery, the Administrative Law Judge (ALJ) ordered employer to pay therefor. The Panel affirmed.

Employer contends that, since the bipolar disorder is unrelated to the industrial injury, it should not have to pay for such treatment. We disagree.

Employer argues that the Panel's reliance on *Merriman v. Industrial Commission*, 120

Colo. 400, 210 P.2d 448 (1949), is misplaced. *Merriman* involved a claimant whose doctors advised exploratory surgery for a work-related condition, and during surgery, a nonindustrial condition was disclosed. Since the surgery was held to be compensable, the Panel cited this case for the proposition that treatment of a non-industrial condition which is necessary to treat an industrial injury may be compensable.

■ We recognize that the facts in this case are somewhat different from those in *Merriman*, which may render that case inapplicable here. However, even assuming that *Merriman* cannot be construed broadly enough to apply here, we conclude that the Panel reached the correct result.

■ Section 8–42–101(1)(a), C.R.S.1998, provides that the employer must furnish such medical treatment as may reasonably be needed to cure and relieve an injured employee from the effects of the industrial injury. *Hillen v. Tool King*, 851 P.2d 289 (Colo. App.1993). The record must distinctly reflect the medical necessity of any such treatment and any ancillary service, care, or treatment as designed to cure or relieve the effects of such industrial injury. *Milco Construction v. Cowan*, 860 P.2d 539 (Colo.App. 1992).

While ancillary preoperative treatments that are deemed requisite to the ultimate course of treatment for an industrial injury have not been specifically authorized in Colorado, such preoperative treatments have been held compensable in other jurisdictions. *See Arrowhead Press, Inc. v. Industrial Commission*, 134 Ariz. 21, 653 P.2d 371 (1982)(claimant required treatment for unrelated bronchitis before surgery for industrial injury; court held the unrelated condition to be compensable because the bronchitis treatment was necessary for treatment of industrial condition); *Forni v. Pathfinder Mines*, 834 P.2d 688 (Wyo.1992)(treatments for claimant's pre-existing depression and diabetes were ancillary and necessary to prepare claimant for surgery for a work-related injury and were, therefore, compensable); 5 *Lar-*

*son's Workers' Compensation Law* § 61.13(e) (1998). *See also Milco Construction v. Cowan, supra* (treatment that prevents deterioration of claimant's medical condition may be compensable).

However, other cases in these same jurisdictions have been decided differently. *See Beasley v. Industrial Commission*, 175 Ariz. 521, 858 P.2d 666 (1993)(declining to extend *Arrowhead* and denying compensation where treatment for the nonindustrial condition is necessary notwithstanding the industrial injury); *State ex rel. Wyoming Workers' Compensation Division v. Girardot*, 807 P.2d 926 (Wyo.1991) (announcing a "rule of reason," applied later in *Forni*, and denying treatment of unrelated by-pass heart surgery, which cost $35,000, that was necessary before surgery on work-related hernia, which cost only $3790). These different outcomes within the same jurisdiction serve only to underscore the factual nature of this determination.

■ Furthermore, we conclude that ancillary preoperative treatment is a pertinent rationale for reasonably necessary care of a non-industrial disorder, when such must be given "in order to achieve the optimum treatment of the compensable injury." 5 *Larson's Workers' Compensation Law, supra,* at § 61.13(e).

Here, inasmuch as substantial evidence supports the finding that stabilization of the bipolar disorder was a reasonably necessary prerequisite to surgical treatment of the industrial injury, we are bound by that finding. *See* § 8–43–308, C.R.S.1998.

The order of the Panel is affirmed.

Judge MARQUEZ and Judge ROY concur.