**AMERICAN APPLIANCES, INC. and Liberty Mutual Insurance Company, Petitioners,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado and Charles E. Bodine, Respondents.**

No. 06CA1260.

Colorado Court of Appeals, Div. II.

May 31, 2007.

Law Offices of Richard P. Myers, Jonathan S. Robbins, Denver, Colorado, for Petitioners.

No Appearance for Respondent Industrial Claim Appeals Office.

Chris Forsyth Law Office, LLC, Chris Forsyth, Denver, Colorado, for Respondent Charles E. Bodine.

Opinion by Judge CASEBOLT.

In this workers' compensation case involving a prosthetic device, the sole issue is whether Charles E. Bodine (claimant) sustained a compensable injury. Because we agree with the Industrial Claim Appeals Office (Panel) that the claim is compensable, we affirm the imposition of liability against American Appliances and its insurer, Liberty Mutual Insurance Company (collectively employer).

Claimant had a number of previous nonindustrial left hip replacements. While exiting his company truck in June 2005, he fell after he felt a pop in his left hip. He was diagnosed with a left hip prosthetic shift and underwent prosthetic hip replacement surgery.

Employer requested dismissal of the claim, arguing that claimant did not sustain an injury to his person because only "the prosthetic device [was] injured." However, the administrative law judge (ALJ) ultimately determined that the claim was compensable. The Panel affirmed.

On appeal, employer contends that the Panel's order should be set aside because damage to, or failure of, a hip prosthesis is not, as a matter of law, compensable. We disagree.

Employer relies on *London Guaranty & Accident Co. v. Industrial Commission*, 80 Colo. 162, 249 P. 642 (1926). In *London*, the court determined that an accidental injury to the claimant's wooden leg was not compensable because "[c]ompensation can be awarded for personal injuries only," and "[a] wooden leg is a man's property, not part of his person, and no compensation can be awarded for its injury." *London Guar. & Accident Co. v. Indus. Comm'n, supra*, 80 Colo. at 163, 249 P. at 642.

Even today, the Workers' Compensation Act (Act) requires that there be a "personal injury." Section 8–41–301(1), C.R.S.2006. However, a specific provision governing prostheses was added to the Act in 1973, *see* Colo. Sess. Laws 1973, ch. 271, § 81–10–1(b) at 944, well after *London* was decided. Furthermore, in the 1991 and 1994 amendments, the General Assembly drew a distinction between internal and external prostheses. *See* Colo. Sess. Laws 1991, ch. 219, § 8–42–101(1)(b) at 1296–97 (imposing limited liability for an "external prosthetic device" and specifically excluding from the limitation "implants or devices necessary to regulate the operation of, or to replace, with implantable devices ... structures of the body"); Colo. Sess. Laws 1994, ch. 48, § 8–42–101(1)(b) at 311–12 (deleting the exclusion and providing that "implantable devices ... may be replaced when the authorized treating physician deems it necessary").

Here, the ALJ specifically found, with record support, that the claim was for an injury to claimant's hip and that his "prosthesis was not an external device." Given the statutory changes detailed above, *London* applies, if at all, to claims involving external prostheses, and is therefore distinguishable from this case.

Employer also argues that § 8–42–101(1)(b), C.R.S.2006, is inapplicable because it "requires that a personal injury cause damage to a prosthetic device, not *vice versa*." We are not persuaded.

Employer's construction of the statute ignores the separate provisions for external and internal prostheses. The first part of § 8–42–101(1)(b), dealing with external prostheses, provides that "where the injury results in ... damage to an existing prosthetic device, the employer shall furnish ... one ... *external* prosthetic device." (Emphasis added.) The second part of § 8–42–101(1)(b) deals with internal prostheses, and does not contain the same limitation: "Implants or devices necessary to ... replace,

with implantable devices … structures of the body may be replaced when the authorized treating physician deems it necessary." Therefore, the second provision is governed by the general provision that "[e]very employer … shall furnish such … medical … apparatus as may reasonably be needed at the time of the injury … to cure and relieve the employee from the effects of the injury." Section 8–42–101(1)(a), C.R.S.2006; *see, e.g., Owens v. Indus. Claim Appeals Office,* 49 P.3d 1187, 1188 (Colo.App.2002) (employer's duty under this section includes "furnishing treatment for conditions representing a natural development of the industrial injury, as well as providing compensation for incidental services necessary to obtain the required medical care" (citation omitted) ); *Pub. Serv. Co. v. Indus. Claim Appeals Office,* 979 P.2d 584, 585 (Colo.App.1999) (ancillary preoperative treatments necessary to the ultimate course of treatment for industrial injury held compensable).

Here, as part of employer's duty to provide to claimant such medical devices that will cure and relieve the effects of his fall, the ALJ found that claimant needed a hip replacement. Under § 8–42–101, C.R.S.2006, these findings were sufficient to support the conclusion that the claim was compensable and that employer was liable.

Accordingly, we perceive no basis for setting aside the Panel's order. *See* § 8–43–308, C.R.S.2006.

The order of the Panel is affirmed.

Judge ROTHENBERG and Judge ROMÁN Concur.