250 P.3d 564

**SPECIAL FUND DIVISION/NO INSURANCE SECTION, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Richard Bombara, Respondent Employee,**

**J A R Inc. dba Jet Action Rental, Respondent Employer.**

**No. 1 CA–IC 09–0084.**

Court of Appeals of Arizona, Division 1, Department B.

March 8, 2011.

Special Fund Division By Rachel C. Morgan, Phoenix, Attorney for Petitioner.

Robert E. Wisniewski, P.C. By Robert E. Wisniewski, Phoenix, Attorneys for Respondent Employee.

The Industrial Commission of Arizona By Andrew F. Wade, Chief Counsel, Phoenix, Attorney for Respondent.

Udall, Shumway & Lyons, P.L.C., By Clark R. Richter, Mesa, Attorneys for Respondent Employer.

## OPINION

GEMMILL, Judge.

¶ 1 Is the election of remedies defense created by Arizona Revised Statutes ("A.R.S.") section 23–1024(B) (1995) waived if not asserted before a determination of compensability has become final? We answer this question in the affirmative.

¶ 2 The injured worker, Richard Bombara, instituted an action for damages in superior court against his employer. The superior court action was dismissed without prejudice as to the employer, and Bombara initiated a workers' compensation claim. The Special Fund Division/No Insurance Section of the Industrial Commission of Arizona ("Special Fund") issued a Notice of Determination (the "Notice") accepting the claim for benefits, and the Notice became final. Thereafter, Special Fund sought to dismiss Bombara's workers' compensation claim, arguing that Bombara had elected his remedy by instituting the action in superior court against his employer. The Administrative Law Judge ("ALJ") concluded that because the determination of compensability had become final, Special Fund and Bombara's employer had waived their potential election of remedies defense. Because we agree with the ALJ, we affirm the award.

## BACKGROUND

¶ 3 In May 2008, Bombara was injured when he and a co-worker were testing jet skis for his employer, J A R Inc. ("Employer"). Because Employer had not obtained workers' compensation insurance, Bombara had the option of filing a damages action against Employer in superior court or filing a claim for workers' compensation benefits. See A.R.S. § 23–907 (Supp.2010).

¶ 4 Bombara filed a negligence action in superior court against Employer in 2008, seeking damages for the injuries he sus-

tained in the accident. On January 8, 2009, he filed a workers' compensation claim with the Industrial Commission of Arizona ("ICA"). His claim was processed by Special Fund because Employer did not carry workers' compensation insurance. Later that month, Bombara and Employer agreed to dismiss the superior court action, and it was dismissed without prejudice.

¶ 5 Special Fund issued a Notice of Determination on March 17, 2009, accepting the claim for benefits.[1] No timely request for a hearing was filed. See infra ¶ 15.

¶ 6 Five months later, Special Fund moved to dismiss Bombara's workers' compensation claim for lack of jurisdiction based on A.R.S. § 23–1024(B) and the doctrine of election of remedies. Special Fund argued that because Bombara had exercised his option to file suit against Employer, he had waived any right to seek workers' compensation benefits.

¶ 7 The ALJ issued her Findings and Award in September 2009. She denied the motion to dismiss and confirmed the finality of the Notice of Determination. Citing *Estate of Wesolowski v. Indus. Comm'n*, 192 Ariz. 326, 965 P.2d 60 (App.1998), she noted that the election of remedies defense is a nonjurisdictional affirmative defense that can be waived. She found that Special Fund and Employer had waived the election of remedies defense provided by A.R.S. § 23–1024(B) by not timely asserting the defense before the Notice of Determination became final.

¶ 8 Special Fund filed a request for administrative review. After review, the ALJ issued a Decision upon Review Affirming and Supplementing Findings and Award. The ALJ confirmed that the election of remedies defense was not timely raised by Special Fund in August 2009 because the Notice of Determination had become final on June 15, 2009, 90 days after its issuance on March 17, 2009.

¶ 9 Special Fund then filed this special action seeking judicial review. We have ju-

1. Special Fund points out that it was unaware of Bombara's superior court action when it issued the Notice.

risdiction pursuant to A.R.S. § 12–120.21(A) (2003), A.R.S. § 23–951(A) (1995), and Arizona Rule of Procedure for Special Actions 10.

## ANALYSIS

¶ 10 We defer to the ALJ's factual findings, but we review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App.2003).

¶ 11 Special Fund argues that the ALJ erred by concluding that it had waived its election of remedies defense and by failing to conclude that Bombara had irrevocably elected his remedy under A.R.S. § 23–1024(B) by instituting a proceeding in court against Employer. Bombara counters that the Notice of Determination was final and res judicata as to all parties, and the finality of the Notice bars an election of remedies defense.

¶ 12 Subsection 23–1024(B) provides that an employee "who exercises any option to institute a proceeding in court against his employer waives any right to compensation." The election of remedies defense created by this provision, however, has been recognized as a non-jurisdictional affirmative defense that must be timely asserted. *See Wesolowski*, 192 Ariz. at 329, ¶¶ 7, 10, 965 P.2d at 63.

¶ 13 In *Wesolowski*, Special Fund contested liability for the claim and the matter proceeded to a hearing. *Id.* at 328, ¶ 6, 965 P.2d at 62. The election of remedies defense was not asserted until after the ALJ had issued her post-hearing award. *Id.* at 329, ¶ 9, 965 P.2d at 63. When Special Fund requested administrative review, it asserted the defense for the first time. *Id.* The ALJ ruled that it was too late. *Id.* We agreed, explaining:

> This ruling [by the ALJ] was correct. Section 23–1024(B) provides an "election of remedies defense." *See Spear v. Industrial Comm'n*, 114 Ariz. 601, 603–05, 562 P.2d 1099, 1101–03 (App.1977). The defense is lost if not asserted before an award for a compensable claim is entered. *Id.* at 603, 562 P.2d at 1101. Election of remedies is similarly treated in other areas of law. *See* 28A C.J.S. *Election of Remedies* § 31, at 670 (1996) (characterizing election of

remedies as an affirmative defense that is waived unless timely asserted).

*Id.* at ¶ 10. We concluded that Special Fund had waived the defense. *Id.* at ¶ 11.

¶ 14 Arguing against waiver in this case, Special Fund contends it promptly asserted the defense in August 2009 after discovering Bombara had sued Employer in superior court and no hearing had been held in the workers' compensation proceeding. We agree with the ALJ, however, that the Notice of Determination issued by Special Fund in March 2009 became final in June 2009 because it was not timely contested, challenged, or objected to by any party.

¶ 15 In accordance with A.R.S. § 23–947(A) (Supp.2010), an employee challenging a Notice of Determination must file a request for a hearing within ninety days of the issuance of the Notice and an employer must file within thirty days. Similarly, a carrier or Special Fund may amend or rescind a notice of claim status within ninety days after the notice has been issued. In *Church of Jesus Christ of Latter Day Saints v. Indus. Comm'n*, 150 Ariz. 495, 498, 724 P.2d 581, 584 (App.1986), we explained:

> As has been pointed out numerous times by this court, principles of res judicata are concerned with finality, not correctness. Res judicata principles take effect under A.R.S. § 23–947 after 90 days. It is clear from the testimony that the practices of the [ICA] are to allow a carrier to unilaterally rescind or amend a previously issued Notice of Claim Status within the 90 day statutory period. Thus, both the claimant and the carrier may void the binding effect of a Notice of Claim Status within this time frame-the claimant by filing a request for hearing and the carrier by simply issuing a new Notice. However, after that period has expired, the claimant cannot avoid the effect of the notice by simply claiming it is erroneous. Neither can the carrier.

150 Ariz. at 498, 724 P.2d at 584 (citation and footnote omitted). The Notice of Determination accepting Bombara's claim for benefits was issued by Special Fund on March 17, 2009. Bombara did not contest the Notice.

Employer did not timely contest the Notice.[2] Special Fund did not seek to amend or rescind the Notice within ninety days. The Notice became final and res judicata in June 2009 but Special Fund did not raise the election of remedies defense until August 2009.

¶ 16 When the Notice accepting the claim for benefits became final, the affirmative defense of election of remedies could no longer be asserted. The Special Fund's argument—that the election of remedies defense is not waived because it was promptly asserted upon discovery and prior to a hearing and award of a compensable claim—fails to recognize the finality of the Notice. For waiver purposes, the unchallenged, final Notice is legally analogous to the post-hearing award of the ALJ in *Wesolowski*. *Cf. Phoenix Cotton Pickery v. Indus. Comm'n*, 120 Ariz. 137, 138, 584 P.2d 601, 602 (App.1978) ("A.R.S. § 23–947 gives the same final effect to unprotested Notices of Claim Status as is given to awards of the Industrial Commission which become final."). Just as it was too late to assert the election of remedies defense in Wesolowski after the ALJ had issued the post-hearing award, it was too late here because the Notice of Determination had become final.

¶ 17 Additionally, we have considered again whether the election of remedies defense is jurisdictional and therefore cannot be waived. We agree with the *Wesolowski* conclusion that election of remedies in this context is a non-jurisdictional affirmative defense that can be waived if not timely asserted.

¶ 18 Finally, Special Fund argues that we should not place on it the burden and expense of searching superior court records or otherwise investigating to determine if claimants have sued their employers. As Special Fund points out, it is generally not a named party in such actions and, by contrast, the claimants know or should know whether they have sued their employers in superior court. Accordingly, Special Fund contends the law should require employees seeking workers' compensation benefits to disclose the filing of actions in superior court. We believe this policy argument is better addressed to the Arizona Legislature.

## CONCLUSION

¶ 19 The election of remedies defense created by A.R.S. § 23–1024(B) may be waived if not timely asserted. The Notice of Determination issued by Special Fund in March 2009 was not timely challenged by any party. The ALJ correctly concluded that the Notice became final and res judicata in June 2009 and that the defense of election of remedies had been waived.[3]

¶ 20 We therefore affirm.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and MICHAEL J. BROWN, Judge.

2. Employer filed an untimely request on April 20, 2009, and later conceded that it did not have a statutory excuse for this untimely filing.

3. Because we resolve this appeal on the basis of waiver of the election of remedies defense, we need not address whether, if timely asserted, the defense would have been effective under these facts.