398 P.2d 683

**Farrell HOOSAVA, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Kaibab Manufacturing Co., Respondents.***

**No. 1 CA–IC 7.**

Court of Appeals of Arizona.

Feb. 3, 1965.

* The Petition was filed with the Arizona Supreme Court and assigned that Court's Number 8448. The Arizona Supreme

J. R. Babbitt, Jr., Flagstaff, for petitioner.

James S. Tegart, Phoenix, for respondents.

STEVENS, Chief Judge.

The petitioner suffered the loss of the first, second and third fingers of his minor or left hand by amputation arising out of an industrial accident in the course and scope of his employment. The Industrial Commission applied Section 23–1044 A.R.S. in computing the award. This section of the Code provides in part as follows:

"B.  Disability shall be deemed permanent partial disability if caused by any of the following specified injuries, and * * * in addition to the compensation for temporary total disability, shall be paid for the period given on the following schedule:

"1.  For the loss of a thumb, fifteen months.

"2.  For the loss of a first finger, commonly called the index finger, nine months.

"3.  For the loss of a second finger, seven months.

"4.  For the loss of a third finger, five months.

"5.  For the loss of the fourth finger, commonly called the little finger, four months.

Court issued its Writ of Certiorari. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

\*    \*    \*    \*    \*    \*

"7.   \*   \*   \*   but in no event shall the amount received for more than one finger exceed the amount provided for the loss of a hand.

\*    \*    \*    \*    \*    \*

"12.   For the loss of a   \*   \*   \*   minor hand, 40 months."

In applying the foregoing statute the Industrial Commission added the monthly allocation for the fingers lost and awarded, in addition to the temporary disability, compensation based upon the proper percentage of the wages earned multiplied by 21 months being the arithmetical addition of the above schedule for the fingers lost.

The petitioner alleges that the Commission was in error in adding the separate losses for the three fingers as a scheduled loss rather than treating the injury as an unscheduled loss. We do not agree. We recognize that there are situations wherein it is not appropriate to merely add several scheduled losses by an arithmetical computation and that in some situations, the unscheduled approach is appropriate.

In our opinion the statute in relation to this particular loss is plain. On losses related to the same hand where there are no additional losses to other parts of the body, the loss of an entire minor hand is compensated by an award of forty months and forty months is the sum total of the scheduled loss for the thumb and all of the fingers.

Under the facts in this case, the award is affirmed.

CAMERON and DONOFRIO, JJ., concur.