857 P.2d 1328

**Rhonda & Tommy WORD, husband and wife, dba Pacific Mechanical Service, Petitioner Employer,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**No Insurance Section/Special Fund Division, Respondent Party In Interest,**

**Robert Ruehrmund, Respondent Employee.**

No. 1 CA–IC 92–0143.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 12, 1993.

---

Richard A. Steiner, P.C. by Richard A. Steiner and Norris C. Livoni, Phoenix, for petitioner employer.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Indus. Com'n of Arizona, No Ins. Section/Special Fund Div. by Michael A. Mosesso, Phoenix, for respondent party in interest.

Robert E. Wisniewski, Phoenix, for respondent employee.

## OPINION

FIDEL, Judge.

We hold in this opinion that an administrative law judge ("ALJ"), when awarding workers' compensation after a hearing, cannot modify a caption to include as an employer an individual who has not received notice of the claim or the opportunity to be heard.

## I

The respondent employee ("claimant"), injured in a fall, filed a workers' compensation claim that listed as his employer "Word or Pacific Mechanical" at 5513 Morning Vista Lane, Cave Creek, Arizona, 85331. The Industrial Commission ("commission") sent a noninsured employer letter to Pacific Mechanical at the Cave Creek address, to which petitioner's attorney, Richard Steiner, responded:

> Please be advised that I represent Word Mechanical. Word Mechanical at the present time does not have any employees, and therefore accepts no responsibility for any injuries which Robert C. Ruehrmund [claimant] may have received.
>
> \* \* \* \* \* \*
>
> Robert Ruehrmund entered into a contract with Mr. Word for the removal of certain metal object [sic] from the roof section of an existing building. Mr. Ruehrmund was fully responsible for both the manner and method in which the work was performed. Word Mechanical exercised no control, provided not [sic] tools or equipment for Mr. Ruehrmund to perform his contract.

Subsequently, the commission determined that Word Mechanical, Inc., was an Arizona corporation in good standing with Steiner as its statutory agent. From then on, all notices were sent both to Word Mechanical and Steiner. On September 18,

1991, the commission issued a notice accepting claimant's benefits claim and designating Word Mechanical as the employer. Word Mechanical filed a timely request for hearing.

At the hearing, Tommy Word testified that he is the owner of both Word Mechanical, Inc., an Arizona corporation in good standing, and Pacific Mechanical Service ("Pacific"), a sole proprietorship. It was Pacific, not Word Mechanical, according to Mr. Word, that had undertaken the project claimant was engaged in when he was injured. Claimant was paid $200 by Pacific to remove roof decking from the building of a third party. Word maintained that claimant undertook the work as an independent contractor, not as a Pacific employee.

Word also testified that Word Mechanical was merely "a shelter corporation," not yet licensed by the Registrar of Contractors, at the time of claimant's injury. His testimony that claimant was working for Pacific, not Word Mechanical, led the ALJ to question whether the caption should be changed:

JUDGE HOWARD: I think that we have a little bit of confusion here. My question was designed to be sure that we had the correct name in our caption for Defendant Employer, and I believe it has been established that Word Mechanical, Incorporated was a corporation in existence, but had not yet owned a contractor's license and didn't have any money at the time of this incident. Would that be a fair summary?

MR. STEINER: That's correct.

JUDGE HOWARD: So, I'm wondering if we need to make any changes in the caption. That is something that Counsel may instruct me about.

MS. FULLER: Yes, your Honor.

\* \* \* \* \* \*

Your Honor, it appears that perhaps the proper caption would be for Mr. and Mrs. Word doing business as Pacific Mechanical.

JUDGE HOWARD: All right. It's been brought to my attention to amend the caption to show that change.

MR. STEINER: *If that's true, Mr. Hearing Officer, I am not here representing Mrs. Word. She has not been a party to this, nor has she been present, and I am not taking the responsibility of suddenly becoming her counsel of record in any way.*

JUDGE HOWARD: All right. So at some point, we may have to come back.

MS. FULLER: I understand.

JUDGE HOWARD: Probably we can work that out.

\* \* \* \* \* \*

Right, so that matter is submitted on that question, as far as I'm concerned, and I would amend the caption as I've indicated previously until Counsel thinks otherwise.

(emphasis added).

In his Findings and Award, the ALJ concluded that claimant was an employee of Pacific, entitled to workers' compensation. The ALJ also modified the caption as follows:

The undersigned finds further, and the record supports, the conclusion that the caption should be amended to show that Rhonda and Tommy Word, husband and wife, dba Pacific Mechanical Service is the correct identity of the defendant employer in this case.

After the award was summarily affirmed on administrative review, Mr. and Mrs. Word brought this special action. They accept the determination that claimant was an employee and agree that an award may be entered against Word Mechanical, Inc., but argue that "the award, as to the individual petitioners, should be set aside."

## II

Mr. and Mrs. Word argue that the ALJ erred by amending the caption at the conclusion of the hearing and entering an award against them individually. We first consider whether they adequately preserved this issue for review.

■ The Words did not raise any specific issues in their request for administrative

review. They merely filed a perfunctory request, stating that it would be supported by a later memorandum of points and authorities, and this memorandum was never filed. In the absence of a specific request for administrative review, appellate review is limited to (1) issues defined in the record, as by objections to evidence, and (2) the fundamental issue on review, "sufficiency of the evidence to support the decision." *Stephens v. Indus. Comm'n,* 114 Ariz. 92, 95, 559 P.2d 212, 215 (App.1977).

Turning to the question whether the caption issue was defined in the record, we find that it was defined only with respect to including Mrs. Word. Mr. Word and Steiner were present when the ALJ raised the subject, and they did not object to substituting Pacific for Word Mechanical in an amended caption or to naming Mr. Word as owner. The only objection on the record was Steiner's objection that *Mrs.* Word was neither present nor represented. For that reason, the only issue preserved for review is whether the ALJ had authority to amend the caption at the close of proceedings to include Mrs. Word.

■ No person may be deprived of property without due process of law. *Iphaar v. Indus. Comm'n,* 171 Ariz. 423, 426, 831 P.2d 422, 425 (App.1992). The elements of procedural due process are notice and an opportunity to be heard. *Id.* In commission proceedings, all parties in interest must be given at least twenty days notice before a hearing. *See* Ariz.Rev.Stat. Ann. ("A.R.S.") § 23–941(D) (1983).

■ Pursuant to Arizona Administrative Code R4–13–150, the ALJ may join interested parties.

  A. An administrative law judge may join as a party applicant or party defendant any person, firm or corporation in favor of whom or against whom a right to relief may appear to exist and over whom the Commission may acquire jurisdiction.

  B. The joinder may be made upon application of any interested party or upon the presiding administrative

law judge's own motion if such joinder appears appropriate.

  C. Any party seeking to join other parties shall make application and serve a copy on the party to be joined. Such application shall be filed with the presiding administrative law judge at least 30 days prior to the date set for any hearing.

  D. Notice of joinder shall be sent by the presiding administrative law judge to the party and such party shall appear and may participate in the proceedings as any other party.

In this case, Mrs. Word never received notice of the claimant's workers' compensation claim. She appeared neither personally nor through counsel during the commission proceedings. Steiner clearly stated at the hearing that he did not represent Mrs. Word. Under the circumstances, there was no appropriate procedural or constitutional basis for the ALJ to add her as a party.

### III

We are limited by statute to affirming or setting aside the Industrial Commission's "award, order or decision." A.R.S. § 23–951(D) (1983). The petitioners do not object to the Industrial Commission's award of compensation. They object to the order amending the caption, but have preserved only the objection to including Mrs. Word. Accordingly, we set aside the Industrial Commission's order insofar as it adds Rhonda Word to the caption, and the award is otherwise affirmed.

LANKFORD, P.J., and EHRLICH, J., concur.