931 P.2d 1130

**UNIVERSAL ROOFERS,
Petitioner Employer,**

**Argonaut Insurance Company,
Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION
OF ARIZONA, Respondent,**

**William Transue, Respondent Employee,**

**SPECIAL FUND DIVISION, Respondent
Party in Interest.**

**No. 1 CA–IC 94–0194.**

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 27, 1996.

Review Denied Feb. 26, 1997.

Lester & Moore, P.C. by Steven C. Lester, Phoenix, for Petitioners Employer and Carrier.

Anita R. Valainis, Chief Counsel, Industrial Commission of Arizona, Phoenix, for Respondent.

Van Baalen Law Offices by Peter Van Baalen, Phoenix, for Respondent Employee.

Special Fund Division by Paula R. Eaton, Phoenix, for Respondent Party in Interest.

## OPINION

NOYES, Judge.

Petitioner Carrier ("Argonaut") challenges the Industrial Commission's denial of its claim for apportionment. The only question presented is the meaning of the following language in A.R.S. section 23–1065(C) (Supp. 1995): "an additional permanent impairment not of the type specified in § 23–1044, subsection B." Argonaut argues that this language should be interpreted to include an impairment which *is* of the type specified *if* it is compensated as an unscheduled disability. Because we conclude that such interpretation amounts to an amendment of the statute, we affirm.

**I**

The employee injured his right knee while working for Universal Roofers. Argonaut closed the claim as a permanent partial impairment to the right lower extremity, compensated as a scheduled disability. *See* A.R.S. § 23–1044(B)(21) (1995). The disability status changed when, after hearings, the Administrative Law Judge ("ALJ") found that the employee had a preexisting disability from a back injury and, therefore, the "instant claim should be closed as unscheduled." *See Alsbrooks v. Industrial Comm'n,* 118 Ariz. 480, 483–84, 578 P.2d 159, 162–63 (1978) (holding that physical impairment from previous, nonindustrial injury that is also earning capacity disability unschedules subsequent scheduled industrial injury).

The employee also had another, preexisting physical impairment: he was an insulin-dependent diabetic. Relying on the diabetes, Argonaut sought apportionment pursuant to A.R.S. section 23–1065(C). As relevant here, the statute provides:

C. In claims involving an employee who has a preexisting physical impairment which is not industrially-related .... [if] the employee thereafter suffers an additional permanent impairment not of the type specified in § 23–1044, subsection B, the claim involving the subsequent impairment is eligible for [apportionment]....

Argonaut argued that the diabetes was a "preexisting physical impairment which is not industrially-related" within the meaning of section 23–1065(C), and the Special Fund eventually so stipulated. The only issue con-

tested by Argonaut and the Special Fund, then, was whether the impairment to the employee's right lower extremity was "not of the type specified in § 23–1044, subsection B" so as to entitle Argonaut to apportionment. The ALJ denied apportionment, finding that "the additional permanent impairment in this case is of the type specified in A.R.S. § 23–1044, subsection B, to wit, right lower extremity. *See* A.R.S. § 23–1044(B)(15)."

After the decision was affirmed on review, Argonaut filed this petition for special action. We have jurisdiction pursuant to A.R.S. sections 12–120.21(A)(2) (1992) and 23–951(A) (1995), and Rule 10 of the Arizona Rules of Procedure for Special Actions.

## II

■ We review questions of statutory interpretation de novo. *Salt River Project v. Industrial Comm'n,* 179 Ariz. 280, 282, 877 P.2d 1336, 1338 (App.1994). The goal of statutory interpretation is to give effect to the legislature's intent; the language used by the legislature is primary evidence of that intent. *See id.*

■ Argonaut argues, in effect, that an impairment which *is* "of the type specified in § 23–1044, subsection B" is *not* of that type if it is compensated as an unscheduled disability. But the statute does not refer to *disability* not of the type *scheduled,* it refers to *impairment* not of the type *specified.* There is a difference. "Impairment" means anatomic or functional abnormality or loss. *See Smith v. Industrial Comm'n,* 113 Ariz. 304, 305 n. 1, 552 P.2d 1198, 1199 n. 1 (1976). "Disability" means actual or presumed loss of earning capacity resulting from impairment and other factors. *Id.*

In our opinion, if the legislature intended to allow apportionment for an impairment that *is* of the type specified in section 23–1044(B) but is compensated as an unscheduled disability, it would have used the word "disability" in section 23–1065(C). A related subsection, for example, refers to "the permanent disability compensation provided by § 23–1044, subsection B." A.R.S. § 23–1065(B)(1). Another subsection refers to

"compensation for loss of earning capacity under the provisions of § 23–1044, subsection C or permanent total disability under § 23–1045, subsection B." A.R.S. § 23–1065(B)(2).

Argonaut argues that interpreting section 23–1065(C) as the Commission did frustrates the purpose of the statute, which is to expand the scope of apportionment. We agree that the 1986 amendments were intended to expand the scope of apportionment. *Schuff Steel Co. v. Industrial Comm'n,* 181 Ariz. 435, 444, 891 P.2d 902, 911 (App.1994). We agree that the current act provides more apportionment than its predecessor (although it does not apply to all impairments covered by the predecessor). *Compare* A.R.S. § 23–1065(B), (C) *with* 1980 Ariz. Sess. Laws 916, 941–42 (repealed 1986). In short, we can agree that Argonaut's policy arguments have merit, and we still conclude that, because the statute has a plain and sensible meaning as written, the Court should not rewrite it by striking the reference to an impairment not specified and replacing it with reference to a disability not scheduled. Whether the statute should be amended to read as argued by Argonaut is for the legislature to decide, in the exercise of its discretion. *See Schuff Steel,* 181 Ariz. at 444, 891 P.2d at 911.

## III

■ We hold that the words "an additional permanent impairment not of the type specified in § 23–1044, subsection B" in section 23–1065(C) refer to the nature of the impairment, not to the nature of the disability compensation. Because the impairment to employee's leg *is* of the type specified in subsection 23–1044(B), the ALJ correctly denied Argonaut's apportionment claim. The decisions upon hearing and upon review are affirmed.

TOCI, P.J., and PATTERSON, J., concur.