32 P.3d 14

SPECIAL FUND DIVISION, The INDUS-
TRIAL COMMISSION of Arizona, Peti-
tioner Real Party In Interest,

v.

Ray L. TABOR, Respondent Employee,

Cyprus Climax, Respondent Employer,

Alexis Risk Management Services,
Inc., Respondent Carrier.

No. 1 CA–IC 99–0172.

Court of Appeals of Arizona,
Division 1, Department D.

Sept. 11, 2001.

Anita R. Valainis, Chief Counsel, Industri-
al Commission of Arizona by Ronald M. An-
dersen, Legal Department, Phoenix, Attor-
neys for Petitioner Real Party In Interest.

Taylor & Associates, PLLC, by Roger A.
Schwartz, Phoenix, Attorneys for Respon-
dent Employee.

Jardine, Baker, Hickman, & Houston, by
Scott H. Houston, Phoenix, Attorneys for
Respondents Employer and Carrier.

THOMPSON, Judge.

¶ 1 This is a Rule 10 special action review
of an Industrial Commission of Arizona
(ICA) decision upon review awarding perma-

nent partial disability compensation and awarding reimbursement under Arizona Revised Statutes Annotated (A.R.S.) § 23–1065(C)(1995). For the reasons that follow, we conclude that petitioner, the Special Fund Division of the ICA (the Special Fund), is not precluded from arguing that impairments to the ankle and knee of the same leg resulting from a single industrial injury constitute a leg impairment compensated as a scheduled disability that does not qualify for reimbursement. We also conclude that the award of compensation is severable from the award of reimbursement. Accordingly, we affirm the part of the decision upon review awarding compensation and set aside the part of the decision upon review awarding reimbursement.

## BACKGROUND

¶ 2 Before his industrial injury, respondent employee (claimant) suffered a non-industrial injury requiring below-the-knee amputation of his right extremity. Claimant's 1994 industrial injury caused a 15% permanent impairment of his left ankle and a 5% permanent impairment of his left knee, which combined to rate a 20% impairment of the left lower extremity. Respondent employer and carrier (Cyprus) closed the claim with a 20% left lower extremity impairment compensated as a scheduled disability.

 ¶ 3 Claimant and Cyprus disputed whether the right extremity amputation is a "previous disability" that unscheduled the industrially-related impairment. See A.R.S. § 23–1044(E) (requiring assessment of "entire disability" in cases involving "previous disability"); e.g., Pullins v. Indus. Comm'n, 132 Ariz. 292, 295, 645 P.2d 807, 810 (1982) (recognizing conclusive presumption that impairment of great magnitude is "previous disability"); Alsbrooks v. Indus. Comm'n, 118 Ariz. 480, 484, 578 P.2d 159, 163 (1978) (defining "disability" to mean earning capacity disability). But during the hearings, the administrative law judge sua sponte queried whether the industrially-related ankle and knee impairments should actually be compen-

sated as an unscheduled disability.[1] The parties were asked to brief the issue. Cyprus asserted that both case law and logic compelled the conclusion that impairments to multiple parts of the same extremity related to a single industrial injury are scheduled (citing, e.g., Hoosava v. Indus. Comm'n, 1 Ariz.App. 6, 398 P.2d 683 (1965)). Claimant did not address the issue.

¶ 4 The administrative law judge ultimately issued an award for an unscheduled disability. He expressly found that all three bases for unscheduling applied, i.e., that the preexisting amputation is an impairment of great magnitude, that this impairment resulted in an actual earning capacity disability, and that the multiple impairments to the same extremity are compensated as an unscheduled disability.

¶ 5 After this award became final the ICA awarded permanent total disability compensation. Cyprus timely requested a hearing and for the first time requested reimbursement under A.R.S. § 23–1065(C) "based on foundational information established" in the award for an unscheduled disability.

¶ 6 Another administrative law judge scheduled a hearing and served the Special Fund with the notice of hearing. The Special Fund then filed a notice of appearance. All of the parties subsequently stipulated that claimant had a specified permanent partial disability.

¶ 7 At the ensuing hearing, the parties submitted the disability stipulation to the administrative law judge. Cyprus and the Special Fund also stipulated that all elements for reimbursement were satisfied except the requirement of an "impairment not of the type specified in § 23–1044, subsection B...." See A.R.S. § 23–1065(C). The Special Fund relied on Universal Roofers v. Indus. Comm'n, 187 Ariz. 620, 622, 931 P.2d 1130, 1132 (App.1996), to argue that an industrially-related impairment has to be unscheduled in its own right to qualify for reimbursement. Cyprus responded by argu-

---

1. Impairments to a single extremity from successive industrial injuries are compensated as an unscheduled disability. See Rodgers v. Indus.

Comm'n, 109 Ariz. 216, 217–18, 508 P.2d 46, 47–48 (1973).

ing that the final disability award was the law of the case.

¶ 8 The administrative law judge then issued an award approving the stipulation. He also denied reimbursement, pursuant to *Universal Roofers*.

¶ 9 Cyprus timely requested administrative review. *See generally* A.R.S. § 23–942(D). It argued that the finding in the final award that the industrially-related ankle and knee impairments are compensated as an unscheduled disability is the "law of the case," that the Special Fund is bound by this finding, and that this finding distinguished *Universal Roofers*. The Special Fund elected not to file a written response to the request for review and instead simply stated that it would rely on the award and *Universal Roofers*.

¶ 10 The administrative law judge then issued a decision upon review. He reiterated his findings accepting the stipulated disability, but reversed his finding denying reimbursement after finding that A.R.S. § 23–1065(C) was satisfied "for the reasons and authority set forth in ... [Cyprus's] Request for Review."

¶ 11 The Special Fund then timely filed a special action petition. This court has jurisdiction.

## DISCUSSION

¶ 12 We first consider the part of the decision upon review awarding reimbursement under A.R.S. § 23–1065(C). Cyprus concedes that reimbursement applies to this case only if the industrially-related ankle and knee impairments are unscheduled in their own right. Cypress argues that the award for an unscheduled disability conclusively determined this issue and, regardless of the label used to describe finality, this final determination binds the Special Fund.

¶ 13 Before addressing the merits of this argument, we must discuss the parties' objections to one another's arguments on review. Cyprus and claimant, on one hand, assert that, because the Special Fund did not respond to Cyprus's argument on administrative review that the findings supporting the prior award constituted the "law of the case,"

the Special Fund failed to preserve its arguments for appellate review. The Special Fund, on the other hand, objects that Cyprus erroneously relied on "law of the case" below and cannot now rely on res judicata or preclusion on appellate review. We reject both of these objections.

¶ 14 A party aggrieved by an award generally must have raised an issue to the administrative law judge to preserve the issue for appellate review. *See, e.g., Larson v. Indus. Comm'n*, 114 Ariz. 155, 157–58, 559 P.2d 1070, 1072–73 (App.1976). In the current case, however, the Special Fund was not aggrieved by the award. Cyprus, which was aggrieved, filed the necessary request for review to preserve the finality issue for appellate review. The Special Fund was not required to respond to Cyprus's request for review to preserve its arguments against finality for appellate review. "Failure to respond [to a request for review] will not be deemed an admission against interest." A.R.S. § 23–943(A).

¶ 15 The Special Fund incorrectly argues that law of the case exclusively applies to appellate decisions. The doctrine typically applies to appellate decisions but is not limited to these decisions. *See, e.g., Powell–Cerkoney v. TCR–Montana Ranch*, 176 Ariz. 275, 278, 860 P.2d 1328, 1331 (App.1993) (citing 18 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice And Procedure* § 4478 (1981)). The real difference between law of the case and res judicata or preclusion is that the former regulates reconsideration of issues resolved before a final decision and the latter regulates reconsideration of issues resolved by a final decision. *See* 18 Wright, § 4478, at 788. Because the award for an unscheduled disability was final, res judicata or preclusion regulates reconsideration of issues resolved by this award, *cf., e.g., Special Fund Div. v. Indus. Comm'n*, 181 Ariz. 387, 391–93, 891 P.2d 854, 858–60 (App.1994) (examining preclusive effect of final notice of claim status).

¶ 16 Although Cyprus used the wrong term, it nevertheless clearly asserted to the administrative law judge that the award for an unscheduled disability conclusively deter-

mined that the industrially-related ankle and knee impairments are compensated as an unscheduled disability and that this final determination binds the Special Fund. The Special Fund's assertion that Cyprus cannot rely on preclusion elevates form over substance.

¶ 17 Regarding the merits, Cyprus compares the current case to *Special Fund.* In that case, this court concluded that the Special Fund was precluded from contesting a final notice of claim status that closed a claim with a unilateral impairment. 181 Ariz. at 391–93, 891 P.2d at 858–60. Also, because that carrier was entitled to reimbursement under A.R.S. § 23–1065(B) if the industrially-related impairment were scheduled, the court concluded that preclusion was dispositive of the reimbursement claim. *Id.* at 393, 891 P.2d at 860.

¶ 18 This case differs from *Special Fund.* The unscheduled disability classification itself is not dispositive of Cyprus's claim for reimbursement under A.R.S. § 23–1065(C).[2] Rather, the final award for an unscheduled disability is dispositive only if preclusion extends to the finding that impairments to the ankle and knee of the same extremity resulting from a single industrial injury are compensated as an unscheduled disability. In our opinion, for finality to extend to this particular rationale for the unscheduled disability classification, as opposed to the classification itself, the elements of issue preclusion must be satisfied.

■ ¶ 19 Issue preclusion may apply even though the claim for reimbursement adjudicated in the current award differs from the claim for an unscheduled disability adjudicated in the prior award. *See Circle K Corp. v. Indus. Comm'n,* 179 Ariz. 422, 426–27, 880 P.2d 642, 646–47 (App.1993). Although the ultimate claims differed, whether impairments to the ankle and knee of the same

extremity resulting from a single industrial injury are a leg impairment compensated as a scheduled disability is an issue that is common to both claims.

■ ¶ 20 Issue preclusion bars relitigation of an issue if the issue was previously litigated, determined, and necessary to final judgment. *See, e.g., id.* at 425, 880 P.2d at 645. Unless the applicability of issue preclusion involves disputed questions of fact, its applicability is a question of law for this court to determine independently. *See A.J. Bayless v. Indus. Comm'n,* 179 Ariz. 434, 438–39, 880 P.2d 654, 658–59 (App.1993). For the following reasons, we conclude that the elements of issue preclusion are not satisfied in the current case.

■ ¶ 21 The administrative law judge who decided the award for an unscheduled disability clearly determined that the impairments to the ankle and knee of the same extremity resulting from a single industrial injury are compensated as an unscheduled disability. However, the determination of this issue [3] was not necessary to the award for an unscheduled disability. *See* Restatement (Second) of Judgments § 27, cmt. i (1980) ("If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone.").[4] *But cf.* 18 Wright, § 4421, at 203–08 (discussing alternatives to Restatement rule and recommending that preclusion should apply when alternative, independently sufficient findings reflect a careful process of decision).

■ ¶ 22 Were the elements of issue preclusion satisfied, issue preclusion would not extend to the Special Fund. We acknowledge that the general rule that preclusion extends only to parties or their privies must yield in

---

2. A claim arising from a permanent unscheduled industrial injury is eligible for reimbursement where the employee had a pre-existing physical impairment constituting an obstacle to employment which was unrelated to an industrial injury, and he then suffered an industrially-related disability that is unscheduled in its own right. A.R.S. § 23–1065(C).

3. We need not decide whether this issue was "actually litigated" in that claimant did not assert a position as to its merits. *See Circle K,* 179 Ariz. at 425, 880 P.2d at 645 (default judgment is not issue-preclusive).

4. The classification of the disability as unscheduled nevertheless is final and issue preclusive. *Compare* Restatement (Second) of Judgments § 27, illus. 15 *with id.* illus. 16.

workers' compensation claims. *See, e.g., Special Fund,* 181 Ariz. at 391–92, 891 P.2d at 858–59 (citing *Fremont Indem. Co. v. Indus. Comm'n,* 144 Ariz. 339, 345, 697 P.2d 1089, 1095 (1985); *Pollard v. Indus. Comm'n,* 159 Ariz. 299, 300–01, 767 P.2d 22, 23–24 (App. 1988)). This case, however, differs importantly from the prior cases. Unlike *Special Fund,* the Special Fund here was not notified of the reimbursement claim until after the award for an unscheduled disability became final. 181 Ariz. at 392–93, 891 P.2d at 859–60. Unlike the employer in *Pollard,* Cyprus will be responsible for unscheduled disability compensation even if the multiple impairments should be compensated as a scheduled disability in their own right. 159 Ariz. at 300–01, 767 P.2d at 23–24. In short, to apply issue preclusion to the Special Fund under these circumstances would not serve the purposes of preclusion. *See Circle K,* 179 Ariz. at 426–27, 880 P.2d at 646–47 (preclusion assists administration of compensation system and helps insurers estimate reserve requirements).

¶ 23 Having concluded that the administrative law judge erroneously applied issue preclusion, we ordinarily would set aside the entire decision upon review. *See, e.g., Arrowhead Press, Inc. v. Indus. Comm'n,* 134 Ariz. 21, 24–25, 653 P.2d 371, 374–75 (App. 1982) (applying A.R.S. § 23–951(D)). Notwithstanding the general rule requiring this court to affirm or set aside an entire decision, claimant asserts that we may affirm the part of the decision upon review for permanent partial disability. *Cf., e.g., Word v. Indus. Comm'n,* 175 Ariz. 474, 477, 857 P.2d 1328, 1331 (App.1993) (affirming award as to husband but setting aside award as to wife).

¶ 24 Although claimant correctly contends that the reimbursement dispute does not affect his entitlement to the stipulated disability compensation, this alone does not justify an exception to the general rule. This rule applies to awards even though an error as to one issue does not affect the correct resolution of another issue, *see, e.g., Arrowhead Press,* 134 Ariz. at 25, 653 P.2d at 371, and even though the parties agree with part of an award, this agreement cannot confer authority on this court that the legislature has denied.

¶ 25 We, however, conclude that the legislature implicitly has conferred authority to affirm the part of the decision upon review for permanent partial disability. The reimbursement statute states that if "there is any dispute regarding liability to the special fund pursuant to subsection B or C of this section, the commission shall not delay the issuance of a permanent award pursuant to A.R.S. § 23–1047, subsection B." A.R.S. § 23–1065(D). In addition, A.R.S. § 23–952 states that an award of compensation "shall not be interrupted when there is a petition for hearing or appeal to a higher court." A.R.S. § 23–952. In our opinion, these statutes evince a legislative intent that, unless a reimbursement dispute affects a claimant's entitlement to disability compensation, an award for disability compensation should be paid notwithstanding a reimbursement dispute.[5] This court effectuates this policy by affirming the unaffected part of an award or decision upon review for disability compensation.

¶ 26 For these reasons, we set aside the part of the decision upon review granting reimbursement and affirm the part of the decision upon review awarding permanent partial disability compensation.

CONCURRING: MICHAEL D. RYAN, Presiding Judge, E.G. NOYES, JR., Judge.

---

**5.** We also note that because an employer or carrier remains primarily liable for awarded disability compensation and is reimbursed annually for covered claims, *see* A.R.S. § 23–1065(E), the risk of delayed reimbursement is reduced.