242 P.3d 181

Ned MORRIS, a single man,
Plaintiff/Appellant,

v.

Peter N. GIOVAN, M.D.,
Defendant/Appellee.

No. 1 CA–CV 09–0740.

Court of Appeals of Arizona,
Division 1, Department C.

Nov. 12, 2010.

The Law Office of Barry E. Lewin, PC By Barry E. Lewin, Phoenix, and The Law Office of David L. Abney By David L. Abney, Co–Counsel, Phoenix, Attorneys for Appellant.

Dora Cagnetto, PC By Dora Cagnetto, Phoenix, and Jones Skelton & Hochuli, PLC By Eileen Dennis GilBride, Co–Counsel, Phoenix, Attorneys for Appellee.

## OPINION

OROZCO, Judge.

¶ 1 Ned Morris (Morris) appeals from the trial court's denial of his Arizona Rule of Civil Procedure 60(c)(6) motion for relief

from final judgment. The trial court dismissed Morris's medical malpractice action against Peter N. Giovan, M.D. (Dr. Giovan) because it was filed outside the two year statute of limitations. Morris argues he is entitled to relief under Rule 60(c)(6) because the statute of limitations was tolled pursuant to 28 United States Code (U.S.C.) section 1367 (2006). For the reasons that follow, we affirm the denial of Morris's Rule 60(c)(6) motion and deny Dr. Giovan's request for attorneys' fees.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On March 7, 2003, at Phoenix Indian Medical Center, Dr. Giovan, an independent contractor, performed surgery on Morris's left knee. Morris alleges he developed complications as a result of the surgery.

¶ 3 On September 21, 2004, Morris filed a medical malpractice action in superior court against "John Doe" for the purpose of obtaining medical records, alleging that he was injured in connection with the surgery. On appeal Morris claims that he was unsure whether Dr. Giovan was the correct defendant. The action was dismissed on March 23, 2005 for lack of service.

¶ 4 On August 25, 2006, Morris filed suit in federal district court pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680 (2006). Morris's complaint named the United States, Phoenix Indian Medical Center, and Dr. Giovan as defendants. The complaint asked the court to assert supplemental jurisdiction over Morris's state law claims against Dr. Giovan. Because the only proper defendant in a lawsuit brought pursuant to the FTCA is the United States, the Phoenix Indian Medical Center was dismissed from the federal action and Morris was ordered to file a second amended complaint identifying federal employees who were allegedly negligent. Because Morris

failed to do so, the case was dismissed on October 12, 2007 for lack of subject matter jurisdiction. That is, with no federal employee upon whom to base jurisdiction under the FTCA, there was not a federal question.

¶ 5 On March 1, 2007, Morris filed a second state court action, this time naming Dr. Giovan as defendant. On December 27, 2007, the action was dismissed on a motion for summary judgment for failure to timely file within the statutory period of limitations. The trial court found that more than two years had elapsed since Morris was sufficiently on notice that he had a claim against Dr. Giovan.[1] Morris did not timely appeal the trial court's grant of summary judgment.

¶ 6 On April 2, 2008, Morris filed a motion for relief from final judgment pursuant to Arizona Rule of Civil Procedure 60(c)(6). He argued that the statute of limitations for his state law claims was tolled while his action was pending in federal court. On May 6, 2008, his motion was denied; however, the court order was left unsigned. Morris appealed the trial court's denial of his Rule 60(c)(6) motion, but this court suspended the appeal until the order denying his motion was signed. On February 16, 2010, after the order was signed, Morris's appeal was reinstated.[2] We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) § 12–2101.C. (2003).

## DISCUSSION

¶ 7 We review whether there is sufficient basis to set aside a judgment under Rule 60(c) for an abuse of discretion. *Fry v. Garcia*, 213 Ariz. 70, 72, ¶ 7, 138 P.3d 1197, 1199 (App.2006). We review de novo the trial court's interpretation of 28 U.S.C. § 1367. *Universal Roofers v. Indus. Comm'n of Arizona*, 187 Ariz. 620, 622, 931 P.2d 1130, 1132 (App.1996) ("We review questions of statutory interpretation de

---

1. In his motion for summary judgment, Dr. Giovan argued that the cause accrued on September 21, 2004, the date Morris filed his first complaint in state court.

2. Because the issue was not raised, this opinion addresses the merits of Morris's claim without deciding whether his Rule 60(c)(6) motion was procedurally proper. *See Int'l Ass'n of Machin-*

*ists and Aerospace Workers v. Petty*, 22 Ariz.App. 539, 541, 529 P.2d 251, 253 (App.1974) (holding that a trial court's erroneous application of substantive law could not serve as the basis for a Rule 60(c)(6) motion because to do so would invite collateral attacks on judgments that are final).

novo."). The issue is whether 28 U.S.C. § 1367(d) tolls the statute of limitations for supplemental state law claims if the action is dismissed from federal court for lack of subject matter jurisdiction; or more specifically, for lack of a federal question.

¶ 8 Morris contends his state law claims were tolled for six months after the dismissal of his action from federal court, pursuant to 28 U.S.C. § 1367(d) [3] and A.R.S. § 12–504.A. (2003).[4] Thus, according to Morris, because he filed his second state court action before the federal court's dismissal, his second complaint was timely. We disagree.

¶ 9 In *Raygor v. Regents of University of Minnesota*, the U.S. Supreme Court was asked to decide whether § 1367(d) tolls the statute of limitations for supplemental state law claims in an action that is dismissed on constitutional grounds.[5] 534 U.S. 533, 542, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002).

¶ 10 The Court began with the proposition that "[o]n its face, subsection (d) purports to apply to dismissals of *'any* claim asserted under subsection (a).'" *Id.* (quoting 28 U.S.C. § 1367(d)). "Thus, it could be broadly read to apply to any claim technically 'asserted' under subsection (a) as long as it was later dismissed, regardless of the reason for dismissal." *Id.*

¶ 11 With respect to which dismissals the tolling provision covers, "one could read § 1367(d) in isolation to authorize tolling regardless of the reason for dismissal, but

§ 1367(d) occurs in the context of a statute that specifically contemplates only a few grounds for dismissal." *Id.* at 545, 122 S.Ct. 999. For example, " § 1367(c) lists four specific situations in which a district court may decline to exercise supplemental jurisdiction over a particular claim." *Id.* "Given that particular context, it is unclear if the tolling provision was meant to apply to dismissals for reasons unmentioned by the statute . . . ." *Id.* The Court, "looking for a clear statement of what the rule *includes*, not a clear statement of what it *excludes*," held that § 1367(d) does not apply "to dismissals of claims against nonconsenting States dismissed on Eleventh Amendment grounds." [6] *Id.* at 546, 122 S.Ct. 999. That is, § 1367(d) does not toll the statute of limitations for supplemental state law claims if the action is dismissed for lack of subject matter jurisdiction.[7] *See id.*

¶ 12 In this case, it follows that if § 1367(d) does not apply in an action dismissed on constitutional grounds, so, too, it should not apply in an action dismissed for lack of a federal question. That is, if the federal court lacks subject matter jurisdiction, its power to assert supplemental jurisdiction over state law claims is never triggered, and the tolling provision of § 1367 does not apply.

 ¶ 13 Unlike *Raygor*, where federal jurisdiction was precluded because the action was offensive to the constitution, here Morris was unable to plead a federal question in the

3. 28 U.S.C. § 1367(d) states, in part, "[t]he period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

4. A.R.S. § 12–504.A. states, in part, "[i]f an action is commenced within the time limited for the action, and the action is terminated . . . the plaintiff . . . may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination."

5. Specifically, the Court addressed "the question whether § 1367(d) tolls the statute of limitations for claims against nonconsenting States that are asserted under § 1367(a) but subsequently dismissed on Eleventh Amendment grounds." *Raygor*, 534 U.S. at 542, 122 S.Ct. 999.

6. The Court reasoned that because applying the tolling provision to claims against nonconsenting states dismissed on Eleventh Amendment grounds might "alter the usual constitutional balance between the States and the Federal Government," Congress must make its intent "unmistakably clear in the language of the statute." *Raygor*, 534 U.S. at 543, 122 S.Ct. 999 (internal quotation marks omitted).

7. The Court's decision did not address whether application of § 1367(d) is limited to the circumstances listed in subsection (c). Rather, the Court held that § 1367(d) does not extend to state law claims that are dismissed as offensive to the Eleventh Amendment. Thus, neither does our decision address the question whether § 1367(d) may apply to other dismissals not mentioned by the statute. We hold only that § 1367(d) does not extend to dismissals for lack of subject matter jurisdiction.

absence of a federal employee who was allegedly negligent. *See* 534 U.S. at 537, 122 S.Ct. 999. However, in both cases it is the absence of federal subject matter jurisdiction that precludes the federal court's assertion of supplemental jurisdiction and prevents operation of § 1367's tolling provision.[8] As the Court reasoned in *Raygor*, to hold otherwise would affect the constitutional balance between the states and the federal government, and Congress has not expressed this intent in the language of the statute. 534 U.S. at 543, 122 S.Ct. 999. Thus, § 1367(d) does not toll the statute of limitations for state law claims that are supplemental to an action dismissed from federal court for lack of subject matter jurisdiction. This remains true regardless of whether the federal court lacks jurisdiction because the action is barred by the constitution or because there is no federal question from the inception.

¶ 14 As such, § 1367(d) does not operate to save Morris's state law claims against Dr. Giovan. Because the federal court never had subject matter jurisdiction over Morris's federal claims, it could not have asserted supplemental jurisdiction over his state claims, and the tolling provision of § 1367 was not triggered.[9] Therefore, the trial court did not abuse its discretion in denying Morris's Rule 60(c)(6) motion for relief from final judgment.

¶ 15 Dr. Giovan requests his reasonable attorney fees pursuant to Arizona Rule of Civil Appellate Procedure 25 and A.R.S. § 12–349.A. (2003), subsections 1 and 3. Because we do not find that Morris's appeal was frivolous or unreasonable we deny the request for attorney fees.

## CONCLUSION

¶ 16 The trial court did not err in denying Morris's Rule 60(c)(6) motion; we therefore affirm.

CONCURRING: MAURICE PORTLEY, Presiding Judge, and MARGARET H. DOWNIE, Judge.

---

**8.** *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir.1996) ("since a court must have original jurisdiction in order to exercise supplemental jurisdiction, a dismissal pursuant to Rule 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims"); *see also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d Cir.1995) (reasoning that before a federal court may exercise supplemental jurisdiction, the federal claim must be shown to have substance sufficient to confer subject matter jurisdiction on the court).

**9.** Morris's reliance on *Goodman v. Best Buy, Inc.*, 777 N.W.2d 755 (Minn.2010), is misplaced. In *Goodman*, it appears the federal court had subject matter jurisdiction, unlike this case where the federal court never had subject matter jurisdiction. *Id.* at 756–57.