IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

AUG 31 2012

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| JOSE A. ESCOBAR, | ) | 2 CA-IC 2012-0001 |
| | ) | DEPARTMENT B |
| Petitioner Employee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| THE INDUSTRIAL COMMISSION OF | ) | |
| ARIZONA, | ) | |
| Respondent, | ) | |
| | ) | |
| MARSHALL FOUNDATION, | ) | |
| | ) | |
| Respondent Employer, | ) | |
| | ) | |
| PINNACLE RISK MANAGEMENT, | ) | |
| | ) | |
| Respondent Insurer. | ) | |
| | ) | |

SPECIAL ACTION – INDUSTRIAL COMMISSION

ICA Claim No. 20082-910330

Insurer No. 2008594676

LuAnn Haley, Administrative Law Judge

AWARD AFFIRMED

Dee-Dee Samet, P.C.
  By Dee-Dee Samet
                                        Tucson
                        Attorney for Petitioner Employee

The Industrial Commission of Arizona
  By Andrew F. Wade
                                      Phoenix
                            Attorney for Respondent

Frank W. Frey                                                                Tucson
                                                    Attorney for Respondents
                                                      Employer and Insurer

K E L L Y, Judge.

¶1        In this statutory special action, petitioner Jose Escobar argues we should abrogate *Hoosava v. Industrial Commission*, 1 Ariz. App. 6, 398 P.2d 683 (1965), on which the administrative law judge (ALJ) relied in concluding Escobar was eligible to receive only scheduled benefits for multiple injuries to the same extremity incurred in a single work-related accident. For the following reasons, we affirm.

## Background

¶2        The relevant facts are undisputed. In October 2008, Escobar was injured in a work-related accident while employed by respondent Marshall Foundation, and his claim for workers' compensation benefits was accepted. Escobar underwent surgery and the ALJ subsequently found that his condition was stationary and stable and that he had a scheduled, five percent permanent impairment of his "right lower extremity."[1] Escobar filed a request for review, claiming the injuries should have been treated as unscheduled disabilities, and the ALJ affirmed its original award. This statutory special action followed.

---

[1]Escobar injured his right leg at the knee and ankle. Although his opening brief also states his foot was injured, the record indicates that the injury was to his ankle, not his foot.

2

**Discussion**

¶3      Escobar argues he is entitled to an unscheduled award for his injuries because "an impairment of the ankle and of the knee in the same accident should be considered as an unscheduled impairment" compensable under A.R.S. § 23-1044(C) rather than a scheduled impairment pursuant to § 23-1044(B). We review this legal issue de novo. *See Anton v. Indus. Comm'n*, 141 Ariz. 566, 569, 688 P.2d 192, 195 (App. 1984).

¶4      Citing our decision in *Hoosava*, the ALJ concluded that multiple injuries to one extremity arising from the same accident are properly classified as scheduled. Accordingly, because the ALJ found "no evidence to establish that [Escobar] injured his knee and ankle in separate incidents" she denied his request to designate the injuries as unscheduled. In *Hoosava*, the petitioner lost several fingers from the same hand in an industrial accident. 1 Ariz. App. at 6, 398 P.2d at 683. Relying on § 23-1044(B), which lists each finger as a separate, scheduled loss, we agreed with the Industrial Commission's decision that the individual finger injuries amounted to three scheduled injuries rather than an unscheduled loss. *Id*. at 6-7, 398 P.2d at 683-84. We concluded that because all the injuries occurred to the same hand and there were no additional losses to other body parts, the finger losses were compensated properly as scheduled.[2] *Id*. at 7,

---

[2]Although *Hoosava* specifically addressed multiple injuries to the hand, it has been interpreted broadly to hold that injuries to multiple parts of the same extremity received in a single industrial accident are scheduled. *See Special Fund Div., Indus. Comm'n v. Tabor*, 201 Ariz. 89, ¶ 3, 32 P.3d 14, 15 (App. 2001); *Arizona Workers' Compensation Handbook* § 7.5.1.2 (Ray J. Davis et al. eds., 1992 and Supp. 2011).

398 P.2d at 684. Escobar acknowledges that *Hoosava* requires multiple injuries to the same extremity incurred in a single accident to be designated scheduled losses. But, he asserts we should reconsider *Hoosava* for public policy reasons and in light of our supreme court's decision in *Rodgers v. Industrial Commission*, 109 Ariz. 216, 508 P.2d 46 (1973).

¶5        In *Rodgers*, the petitioner suffered an industrial injury to his right hand and was awarded scheduled benefits. 109 Ariz. at 217, 508 P.2d at 47. In a subsequent industrial accident, the petitioner suffered another injury to his right hand and received an additional scheduled award. *Id*. On review, our supreme court held that when successive, scheduled injuries are received in separate accidents, they should be compensated as unscheduled. *Id*. at 217-18, 508 P.2d at 47-48.

¶6        Escobar concedes his injuries cannot be considered unscheduled under *Rodgers* because they resulted from a single accident. But, he asserts that it "is hard to understand why . . . [he] should be treated so differently under the worker's compensation law" simply because his injuries did not result from separate accidents. He reasons that based on our supreme court's extension of unscheduled benefits in *Rodgers* as well as "the spirit and intent of the worker's compensation law" we should abrogate *Hoosava* and permit his injuries to be compensated as unscheduled. Our jurisprudence, however, does not permit such an outcome.

¶7        In *Rodgers*, the supreme court based its decision on § 23-1044(E), which provides:

4

> In case there is a previous disability, as the loss of one eye, one hand, one foot or otherwise, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury.

The supreme court reasoned that "[w]hen the entire effect of the successive injuries results in disabilities which do not come within one of the scheduled classifications, there is no way that the resulting disability can be classified as scheduled and still give meaning and effect to [§ 23-1044(E)]." *Id.* In later cases, the court reiterated that subsection (E) is the basis for an unscheduled award in the event of successive injuries. *See Alsbrooks v. Indus. Comm'n*, 118 Ariz. 480, 483, 578 P.2d 159, 162 (1978) (subsection (E) requires successive, scheduled injury to be treated as unscheduled); *All Star Coach, Inc. v. Indus. Comm'n*, 115 Ariz. 335, 336, 565 P.2d 515, 516 (1977) ("When a worker suffers successive injuries, A.R.S. § 23-1044(E) is triggered.").[3] But § 23-1044 does not extend unscheduled benefits to employees who sustain multiple injuries to the same extremity in a single accident. Thus, even were we to agree with Escobar that policy considerations support extending unscheduled benefits in his

---

[3]In support of his argument that injuries to the same extremity resulting from the same accident should be unscheduled, Escobar cites *Ossic v. Verde Central Mines* in which our supreme court stated, "If the complete effect is the test when the injuries are received separately, we see no reason why it should not be the same when they are received simultaneously." 46 Ariz. 176, 189, 49 P.2d 396, 402 (1935). But Ossic's injuries, although all caused by a single blow to his head, seriously impaired several bodily functions. *Id.* at 180, 49 P.2d at 398. And, when multiple scheduled injuries affect distinct bodily functions to such an extent that they are likely to affect the worker's ability to obtain employment, the commission may consider this in determining appropriate compensation. *See id.* at 191, 49 P.2d at 402. That is not the case here.

5

circumstance, that decision must be made by our legislature. *See Alsbrooks*, 118 Ariz. at 483, 578 P.2d at 162.

¶8 Moreover, despite Escobar's assertion that "[i]t is hard to understand why . . . [he] should be treated so differently," the statutory scheme suggests important policy considerations were involved in our legislature's decision to extend unscheduled benefits to successive, scheduled injuries. Although the primary purpose of the Workers' Compensation Act is to protect the injured employee, it also exists to protect the employer and the state compensation fund. *See Stephens v. Textron, Inc.*, 127 Ariz. 227, 230, 619 P.2d 736, 739 (1980); *Nation v. Weiner*, 145 Ariz. 414, 420, 701 P.2d 1222, 1228 (App. 1985). To protect employers, the legislature created a special fund to compensate the employer of an employee with a preexisting scheduled injury who suffers a second scheduled injury as defined by § 23-1044(B). *See* A.R.S. § 23-1065(B), (D). The purpose of this fund "is to encourage employers to hire handicapped workers by protecting such employers from the burden of increased compensation liability resulting from the combination of preexisting impairments and industrial injuries." *Salt River Project v. Indus. Comm'n*, 172 Ariz. 477, 482, 837 P.2d 1212, 1217 (App. 1992). As the Marshall Foundation points out, this consideration is absent when, as here, the employee has no preexisting injury that would increase the employer's risk of greater compensation liability.

## Disposition

¶9 Because Escobar's arguments do not justify abrogating *Hoosava* for public policy reasons or extending *Rodgers* to non-successive injuries to the same extremity, we

6

affirm the ALJ's award concluding Escobar's injuries were scheduled. The Marshall Foundation requests its attorney fees and costs on appeal pursuant to A.R.S. §§ 12-349, 12-350 and Rule 21, Ariz. R. Civ. App. P. Because we cannot say Escobar's appeal was brought without substantial justification, *see* § 12-349, we deny the request. As the successful party, the Marshall Foundation is entitled to its costs of appeal, contingent upon its compliance with Rule 21, Ariz. R. Civ. App. P., and Rule 4(g), Ariz. R. P. Spec. Actions. The ALJ's award is affirmed.


/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge


CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge