NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MANUEL VILLEGAS, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

GC LANDSCAPING, *Respondent Employer,*

ICA SPECIAL FUND DIVISION/NO INSURANCE SECTION, *Respondent Party in Interest.*

No. 1 CA-IC 24-0030

FILED 04-24-2025

Special Action - Industrial Commission
ICA Claim No. 20182190327
The Honorable Rachel C. Morgan, Administrative Law Judge

**AFFIRMED**

COUNSEL

Snow Carpio & Weekley PLC, Phoenix
By Erica Gonzalez-Melendez
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Industrial Commission of Arizona, Phoenix
By Scott J. Cooley
*Counsel for Respondent Party in Interest*

_____

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Andrew M. Jacobs joined.

_____

**H O W E**, Judge:

**¶1**　　　　Manuel Villegas challenges an Industrial Commission of Arizona ("ICA") award denying him a permanent impairment rating and supportive care. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Villegas was injured in 2018 when he fell at a worksite while working for GC Landscaping, an uninsured employer. The ICA Special Fund Division/No Insurance Section ("Fund") stepped in to manage the claim, initially denying compensability. In 2019, the ICA issued an award finding the claim compensable.

**¶3**　　　　The ICA held a hearing to determine the nature and extent of Villegas's injuries, concluding in an August 2020 award that he had, among other injuries, "sustained a symptomatic aggravation of his underlying degenerative lower back condition as a result of the subject industrial injury, for which active treatment is reasonably necessary." That conclusion was based on medical expert testimony from Dr. Sanjay Patel, Villegas's treating physician. The ICA rejected a contrasting medical opinion that Villegas had suffered a lumbar sprain/strain in the accident and that his lower back issues were degenerative changes typical of an aging body and not aggravated by the work injury. Villegas continued to receive active treatment.

**¶4**　　　　The Fund attempted to close the claim in 2021. The ICA held a hearing and heard testimony from Dr. Patel, who testified that Villegas was not medically stationary because he had ongoing pain and continued to need active treatment. He diagnosed Villegas with "lumbar facet

2

mediated pain, left L4 non-verifiable radiculopathy and pre-existing lumbar degenerative changes, aggravated by the industrial fall." Dr. James Maxwell, who performed an independent medical examination ("IME") disagreed and concluded that the "temporary aggravation" of Villegas's back had resolved and become stationary in July 2021. The ICA again found Dr. Patel's opinion carried more weight and issued a May 2022 award rejecting closure of the claim at that time, allowing active care to continue until the condition became medically stationary.

¶5 In February 2023, the Fund again declared Villegas medically stationary and closed the claim without permanent impairment and supportive care. Villegas challenged the action. He argued, based on Dr. Patel's medical opinion, that he had a permanent impairment to his lower back and needed continued supportive care. Dr. Patel testified at a hearing in 2023 that Villegas had reached maximum medical improvement by December 2022 with a 2% permanent impairment of his lower back. He also recommended that Villegas receive supportive care if allowed under applicable guidelines.

¶6 By contrast, Dr. Maxwell testified that Villegas had no permanent impairment and required no supportive care. Dr. Maxwell continued to propound his IME diagnosis of a lumbar sprain/strain that had resolved long ago. On cross-examination, he was informed that his diagnosis had not been accepted in the earlier litigation:

> [QUESTION]: [In the previous litigation], you had the same diagnosis of lumbar sprain-strain, [in contrast to] the opposing opinion [of] Dr. Patel.
>
> I'll tell you that in [the May 2022 award] the accepted diagnosis . . . included ongoing abdominal pain, lumbar facet mediated pain, left L4 nonverifiable radiculopathy, and preexisting lumbar degenerative changes aggravated by the industrial fall. . .
>
> Now, knowing that those are the accepted diagnoses, do you have a different opinion as to [the] permanent impairment rating in this case?
>
> A[NSWER]: No.

¶7 The ALJ adopted Dr. Maxwell's opinion, concluding that Villegas had shown no permanent impairment and needed no supportive care. The ALJ noted that the May 2022 decision continuing Villegas's active care had "no preclusive effect" on her decision because whether an injured worker's condition has become medically stationary could be relitigated after a finding that the worker is not yet medically stationary and continues to require further active care.

¶8 Upon administrative review, Villegas argued that the medical conflict between Dr. Patel's diagnosis (aggravated degenerative condition) and Dr. Maxwell's (simple sprain/strain) had been litigated and found for Dr. Patel in 2022, precluding the ICA from now adopting Dr. Maxwell's diagnosis. The ALJ rejected Villegas's argument without comment and affirmed the award. This statutory special action followed. We have jurisdiction. A.R.S. §§ 12-120.21(B), 23-951(A).

## DISCUSSION

¶9 When reviewing workers' compensation awards, "we defer to the ALJ's factual findings but review questions of law de novo." *Avila v. Indus. Comm'n*, 219 Ariz. 56, 57 ¶ 2 (App. 2008). We view the evidence in the light most favorable to upholding an award. *Id.* "In determining the facts, it is the ALJ, not this court, who has the responsibility of resolving conflicts in expert opinions, and we will affirm an ALJ's resolution of conflicting opinions absent an abuse of his discretion." *Kaibab Indus. v. Indus. Comm'n of Ariz.*, 196 Ariz. 601, 605 ¶ 10 (App. 2000).

¶10 Villegas argues on appeal that the ALJ erred by adopting Dr. Maxwell's opinion because his diagnosis of a lumbar sprain/strain had been rejected in earlier litigation. Specifically, Villegas argues Dr. Patel's injury diagnosis was entitled to preclusive effect and therefore Dr. Maxwell's opinion cannot be relied on because "Dr. Maxwell based his opinion as to no permanent impairment on his diagnosis of a lumbar sprain/strain."

¶11 "Because workers' compensation claims are administered sequentially, phases of the process (e.g., compensability, . . . , medically stationary status, . . . , award of permanent benefits, etc.) are resolved . . . by separate determinations by an ALJ." *Miller v. Indus. Comm'n of Ariz.*, 240 Ariz. 257, 259 ¶ 7 (App. 2016). When any of these determinations become final, they are entitled to preclusive effect. *Id.* "Unless the applicability of issue preclusion involves disputed questions of fact, its applicability is a

4

question of law for this court to determine independently." *Special Fund Div., Indus. Comm'n v. Tabor*, 201 Ariz. 89, 92 ¶ 20 (App. 2001).

**¶12** Diagnosis of an injury, whether the injury is medically stationary, and whether the claimant has a permanent impairment are all separate determinations. *See Miller*, 240 Ariz. at 259 ¶ 7; *Aguayo v. Indus. Comm'n of Ariz.*, 235 Ariz. 413, 418 ¶ 20 (App. 2014) ("The issue in the current proceedings was whether the claimant's 2010 injury was medically stationary, and if so, whether he had sustained a permanent impairment."). Thus, when a claimant is awarded supportive care for a workplace injury, that award does not preclude a later determination that the claimant lacks a permanent impairment injury. *See Miller*, 240 Ariz. at 263 ¶ 23 ("Because the 2010 aggravation of the claimant's pre-existing back condition was not stationary, no decision as to any permanent impairment was made at that time."); *Tsosie v. Indus. Comm'n of Ariz.*, 183 Ariz. 539, 542 (App. 1995) ("[W]e reject Tsosie's further argument that the award of supportive care has a preclusive effect on the determination of permanent impairment or disability.").

**¶13** Villegas argues the ALJ could not rely on Dr. Maxwell's opinion about whether Villegas's injury created a permanent impairment because Dr. Patel's diagnosis for Villegas's back injury has preclusive effect. But Dr. Patel's diagnosis has preclusive effect on subsequent litigation only concerning the issues of the *nature and causation* of his injury; whether Villegas has a permanent impairment is a separate determination. *See Miller*, 240 Ariz. at 263 ¶ 23; *Aguayo*, 235 Ariz. at 418 ¶ 20; *Tsosie*, 183 Ariz. at 542. Thus, Dr. Patel's injury and causation diagnoses have no preclusive effect on the subsequent determination whether he has a permanent impairment. Although Villegas argues Dr. Maxwell's opinion relied on a precluded diagnosis, Dr. Maxwell responded "no" when asked whether his opinion changed knowing the accepted diagnoses. This response does not prove that Dr. Maxwell relied on the precluded medical diagnosis to reach his permanent impairment opinion. Accordingly, the ALJ could rely on Dr. Maxwell's permanent impairment opinion because it was "competent medical testimony." *See Rosarita Mexican Foods v. Indus. Comm'n of Ariz.*, 199 Ariz. 532, 535 ¶ 12 (App. 2001).

**¶14** Although Villegas disagrees with Dr. Maxwell's opinion, "it is the ALJ, not this court, who has the responsibility of resolving conflicts in expert opinions." *Kaibab Indus.*, 196 Ariz. at 605 ¶ 10. The ALJ therefore did not abuse its discretion by finding Villegas does not have a permanent impairment.

## CONCLUSION

¶15　　　　We affirm the award.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　　JR